No. 14-60779

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

ROBERT SWINDOL,

*Plaintiff-Appellant,*

v.

AURORA FLIGHT SCIENCES CORPORATION,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSISSIPPI (ABERDEEN DIVISION)
CIVIL ACTION NO. 1:13-CV-00237 (SA-DAS)

**RESPONSE BRIEF OF DEFENDANT-APPELLEE
AURORA FLIGHT SCIENCES CORPORATION**

STEPHEN W. ROBINSON
NICHOLAS D. SANFILIPPO
MCGUIREWOODS LLP
1750 Tysons Boulevard
Suite 1800
Tysons Corner, VA 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
srobinson@mcguirewoods.com
nsanfilippo@mcguirewoods.com

R. BRADLEY BEST
HOLCOMB, DUNBAR, WATTS, BEST,
MASTERS, & GOLMON, P.A.
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, Mississippi 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552
bradbest@holcombdunbar.com

DATED: March 11, 2015

*Counsel for Defendant-Appellee.*

# CERTIFICATE OF INTERESTED PERSONS

No. 14-60779

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

ROBERT SWINDOL,

*Plaintiff-Appellant,*

v.

AURORA FLIGHT SCIENCES CORPORATION,

*Defendant-Appellee.*

_____

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Aurora Flight Sciences Corporation, *Defendant-Appellee*

Stephen W. Robinson
srobinson@mcguirewoods.com
Nicholas D. SanFilippo
nsanfilippo@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons Corner, VA 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
*Counsel for Defendant-Appellee*

R. Bradley Best
bradbest@holcombdunbar.com
Holcomb, Dunbar, Watts, Best,
Masters, & Golmon, P.A.
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, Mississippi 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552
*Counsel for Defendant-Appellee*

Robert Swindol, *Plaintiff-Appellant*
640 South Division Street
West Point, MS 39773

David O. Butts #7642
Renasant Center, Suite 110
398 East Main Street
Tupelo, MS 38804
Tel: (662) 841-1234
Fax: (662) 841-0357
davidbutts@davidbuttslawfirm.com
*Counsel for Plaintiff-Appellant*

  s/ *Stephen W. Robinson*
STEPHEN W. ROBINSON, ESQ.
srobinson@mcguirewoods.com
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
*Counsel for Defendant-Appellee Aurora
Flight Sciences Corporation*

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Aurora Flight Sciences Corporation requests oral argument so that it may address any questions or concerns the Court may have.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ......................................................i-ii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS.................................................................................. iv-v

TABLE OF AUTHORITIES ......................................................................... vi-ix

I.    ISSUES PRESENTED FOR REVIEW ......................................................1

II.   STATEMENT OF THE CASE ............................................................... 1-4

      A.    Nature of the Case ....................................................................... 1-2

      B.    Course of Proceedings.................................................................. 2-3

      C.    Decision Below ................................................................................4

III.  SUMMARY OF ARGUMENT ............................................................... 4-5

IV.  ARGUMENT.......................................................................................... 6-30

      A.    Standard of Review on Appeal.........................................................6

      B.    Standard of Review for a 12(b)(6) Motion .................................... 6-7

      C.    The District Court Properly Dismissed Count 1 (Wrongful
           Discharge) ....................................................................................... 7-18

           i.      The Dismissal of Count 1 should be Affirmed because
                  Section 45-9-55 Prohibits Civil Actions for Damages
                  Against Employers............................................................. 8-10

           ii.    The Dismissal of Count 1 should be Affirmed because
                  Section 45-9-55 Provides no Private Right of Action and
                  this Court should not Create an Exception to the At-Will
                  Employment Doctrine ...................................................... 10-18

      D.    It is Unnecessary to Certify the Question to the Mississippi
           Supreme Court............................................................................. 18-19

      E.    This Court Should Affirm the Dismissal Of Count 2
           (Defamation) ............................................................................... 19-30

           i.      The District Court Correctly Found that Count 2 Failed to
                  State a Claim of Defamation............................................. 19-25

      ii.    The District Court's Dismissal of Count 2 should be
Affirmed Because Any Defamatory Statements are
Protected by a Qualified Privilege ..................................... 25-30

V.    CONCLUSION ............................................................................... 30

CERTIFICATE OF SERVICE ................................................................. 32

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE
REQUIREMENTS ........................................................................ 33

# TABLE OF AUTHORITIES

**Page(s)**

Cᴀsᴇs

Arete Partners, LP v. Gunnerman,
    594 F.3d 390 (5th Cir. 2010) .................................................................6

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).........................................................................7, 20

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)..........................................................6, 7, 19, 20

Benson v. Hall,
    339 So.2d 570 (Miss. 1976)....................................................26, 27, 28

Buchanan v. Ameristar Casino Vicksburg, Inc.,
    852 So. 2d 25 (Miss. 2003)......................................................12, 14, 15

Cleland v. Acad. Sports & Outdoors,
    2013 WL 4519337 (S.D. Miss. Aug. 26, 2013), reconsideration denied,
    2013 WL 5771256 (S.D. Miss. Oct. 24, 2013)...................................12

DeCarlo v. Bonus Stores, Inc.,
    989 So. 2d 351 (Miss. 2008)..............................................................11

Eckman v. Cooper Tire & Rubber Co.,
    893 So. 2d 1049 (Miss. 2009)......................................................26, 27

Erie R.R. Co. v. Tompkins,
    304 U.S. 64 (1938)...............................................................5, 6, 16

Ferguson v. Watkins,
    448 So. 2d 271 (Miss. 1984)..............................................................22

Franklin v. Thompson,
    722 So. 2d 688 (Miss. 1998)..............................................................21

Fulton v. Mississippi Publishers Corp.,
    498 So.2d 1215 (Miss. 1986)..............................................................22

Gilbert v. Donahoe,
    751 F.3d 303 (5th Cir. 2014) ...................................................................6

Hale v. King,
    642 F.3d 492 (5th Cir. 2011) .................................................................20

Hammons v. Fleetwood Homes Of Mississippi, Inc.,
    907 So. 2d 357 (Miss. Ct. App. 2004) ..................................................12

Harlow v. Fitzgerald,
    457 U.S. 800 (1982) ................................................................................6

Harris v. Lewis,
    755 So. 2d 1199 (Miss. Ct. App. 1999) ................................................21

HeartSouth, PLLC v. Boyd,
    865 So. 2d 1095 (Miss. 2003) ...............................................................11

In re: Dynegy, Inc. Secs. Litig.,
    339 F. Supp. 2d 804 (S.D. Tex. 2004) ..................................................26

Jones v. Alcoa, Inc.,
    339 F.3d 359 (5th Cir. 2003), cert. denied, 540 U.S. 1161 (2004)....................26

Jones v. Bock,
    549 U.S. 199 (2007)..........................................................................25, 26

Jones v. Fluor Daniel Servs. Corp.,
    959 So. 2d 1044 (Miss. 2007)...............................................................11

Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,
    677 F.2d 1045 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983) .................25

Kelly v. Miss. Valley Gas Co.,
    397 So. .................................................................................................14

Kelly v. Mississippi Valley Gas Co.,
    397 So. 2d 874 (Miss. 1981)...........................................................14, 15

La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte,
    805 F.2d 1254 (5th Cir. 1986) ..............................................................25

Lamarque v. Mass. Indem. & Life Ins. Co.,
    794 F.2d 194 (5th Cir. 1986) ..................................................................6

Laws v. Aetna Finance,
    667 F. Supp. 342 (N.D. Miss. 1987).......................................15, 16, 17

Leal v. McHugh,
    731 F.3d 405 (5th Cir. 2013) ..................................................................6

Lott v. Alexander,
    134 So. 3d 369 (Miss. Ct. App. 2014) .................................................10

Manasco v. Walley,
    216 Miss. 614, 63 So.2d 91 (1953).......................................................21

McArn v. Allied Bruce-Terminex Co.,
    626 So. 2d 603 (Miss. 1993).........................................................passim

Medina v. Mims Oil Co.,
    2005 WL 1629800 (N.D. Miss. July 11, 2005) ...................................12

Miranda v. Wesley Health Sys., LLC,
    949 So. 2d 63 (Miss. Ct. App. 2006) ...................................................12

Mitchell v. Univ. of Kentucky,
    366 S.W.3d 895 (Ky. 2012).................................................................15

Morgan v. Swanson,
    659 F.3d 359 (5th Cir. 2011) ...............................................................21

Parker v. Leaf River Cellulose,
    2014 U.S. Dist. LEXIS 175476 (S.D. Miss. Dec. 19, 2014) ..........9, 10

Perry v. Sears, Roebuck & Co.,
    508 So. 2d 1086 (Miss. 1987)..............................................................11

Phillips Brothers, LP v. Winstead,
    129 So. 3d 906 ...............................................................................23, 24

Ramming v. United States,
    281 F.3d 158 (5th Cir. 2001), cert. denied sub nom. Cloud v. United
    States 536 U.S. 960 (2002) ....................................................................6

Scheuer v. Rhodes,
    416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)..........................................6

Scott-Burr Stores Corp. v. Edgar,
    177 So. 766 (1938)................................................................................28

Smith v. White,
    799 So. 2d 83 (Miss. 2001).................................................................25, 26

Solomon v. Walgreen Co.,
    975 F.2d 1086 (5th Cir. 1992) ...............................................................13

Swengler v. ITT Corp. Electro-Optical Prods. Div.,
    993 F.2d 1063 (4th Cir. 1993) ...............................................................23

Wheeler v. BL Dev. Corp.,
    415 F.3d 399 (5th Cir. 2005) ................................................................12

STATUTES

15 U.S.C.A. § 1611 ...............................................................................16

15 U.S.C.A. § 1640 ...............................................................................16

MISS. CODE ANN. § 45-9-55.............................................................passim

MISS. CODE ANN. § 45-9-55(1) ...............................................................8

MISS. CODE ANN. § 45-9-55(5) .........................................................8, 14

Mississippi's Small Loan Regulatory Law, § 75-67-101 et seq...........................16

Truth-In-Lending Act, 15 U.S.C.A. § 1601 et seq. .................................16

OTHER AUTHORITIES

Federal Rules of Civil Procedure, Rule 8(a)(2) .............................2, 20, 25

Federal Rules of Civil Procedure, Rule 8 .....................................3, 5, 19

Federal Rules of Civil Procedure, Rule 12(b)(6)................................6, 26

Restatement (Second), Torts § 614 (1977) .............................................21

# I.    ISSUES PRESENTED FOR REVIEW

(1) Whether the District Court properly found that the termination of Plaintiff-Appellant Robert Swindol's ("Swindol") employment with Defendant-Appellee Aurora Flight Sciences Corporation ("Aurora") was lawful because his employment was at-will and the termination did not violate Mississippi public policy expressed by the very narrow exceptions to Mississippi's employment at-will doctrine.

(2) Whether the District Court properly found that Swindol failed to state a claim for defamation, that any alleged defamatory statement was protected by a qualified privilege, and that Swindol did not plead any facts supporting his allegation that the statements were made with malice, bad faith, or abuse.

# II.    STATEMENT OF THE CASE

## A.    Nature of the Case.

This is an appeal from an Order dismissing the Complaint filed by Swindol, a former employee of Aurora, in its entirety.  Swindol was terminated after Aurora discovered that he was storing a firearm on the passenger seat of his vehicle parked on Aurora property, in violation of Aurora's employment policies.  Swindol's Complaint alleged that this termination violated Mississippi common law because it violated Mississippi's public policy favoring gun rights.  In addition, Swindol alleged that, after he was terminated, he was defamed when an "unnamed human resource manager arranged a plant-wide meeting and informed all other Aurora

employees that Swindol was a security risk and instructed them to call 911 if Swindol were seen anywhere near Aurora's premises." (ROA. 7, ¶ 10).

## B. **Course of Proceedings**.

Swindol filed his Complaint in the United States District Court for the Northern District of Mississippi on December 16, 2013, asserting two causes of action: Wrongful Discharge (Count 1); and Defamation-Slander Per Se (Count 2). (ROA. 4-10). On January 30, 2014, Aurora filed a Motion to Dismiss ("Motion to Dismiss") (ROA. 14-16), and a Memorandum in Support thereof (ROA. 17-31). Aurora argued that Swindol failed to state a claim for wrongful discharge because Swindol's discharge was not actionable under the narrow exceptions to Mississippi's employment at-will doctrine. Moreover, Aurora argued that Swindol's defamation claim failed to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2). Aurora also asserted that any alleged defamatory statements were protected by a qualified privilege, and that Swindol had failed to allege malice.

Swindol filed his Response to Aurora's Motion to Dismiss on February 24, 2014 (ROA. 39-42), and his Memorandum in Support thereof (ROA. 43-65). Swindol conceded that his termination was not contained within any of the currently existing exceptions to the employment at-will doctrine. Swindol then asked the District Court to expand Mississippi's public policy exceptions to the employment at-will doctrine to create a claim for him. Swindol also argued that he

had stated a claim for defamation and that the allegedly defamatory statements were not protected by a qualified privilege.

On March 3, 2014, Aurora filed its Reply Memorandum in Support of its Motion to Dismiss. (ROA. 66-75). Aurora argued that the District Court should decline to expand the exceptions to the at-will employment doctrine because MISS. CODE ANN. § 45-9-55 provided no private right of action and did not invoke the same public policy concerns as those addressed by the existing exception to Mississippi's employment at-will doctrine. Aurora further argued that Swindol alleged insufficient facts in support of his claim for defamation to overcome the pleading requirements of Rule 8 and that any allegedly defamatory statements were protected by a qualified privilege.

On September 30, 2014, United States District Judge Sharion Aycock issued an Order (ROA. 99) granting Aurora's Motion to Dismiss, with an accompanying Memorandum Opinion (ROA. 100-10). The Order dismissed Swindol's wrongful termination claim with prejudice and his defamation claim without prejudice. (ROA. 99). Swindol did not file (and to this day has not filed) an amended complaint as to his defamation claim. Instead, Swindol filed his Notice of Appeal on October 28, 2014, twenty-eight days after his Complaint was dismissed. (ROA. 111-12).

**C.    Decision Below.**

The District Court found that the Mississippi Supreme Court consistently refused to expand the public policy exceptions to the employment at-will doctrine and held that it could not "say that the Mississippi Supreme Court would recognize a third exception to the doctrine of at-will employment as proposed here." (ROA. 106). The District Court found that Swindol had not stated a claim for defamation per se, that he had alleged special damages, but that he had failed to allege that the allegedly defamatory statements were false. (ROA. 107-08). The District Court then held that any allegedly defamatory statements were protected by a qualified privilege because they "were restricted to issues of safety and made only to those who had a corresponding interest in plant safety." (ROA. 109). Moreover, the District Court held that this defense appeared on the face of Swindol's Complaint. Id. Finally, the District Court found that Swindol had alleged "no facts showing that Aurora or its human resources manager acted in bad faith or with malice." Id. The District Court concluded by dismissing Swindol's wrongful termination claim with prejudice and his defamation claim without prejudice.

## III.   SUMMARY OF ARGUMENT

The District Court's dismissal of Count 1 should be affirmed because Swindol's termination was not wrongful and not encompassed by Mississippi's very narrow exception to the employment at-will doctrine. Moreover, there is

absolutely no basis to make an <u>Erie</u> "guess," as Swindol suggests, that the Mississippi Supreme Court would expand the exceptions to the employment at-will doctrine to create the private right of action Swindol seeks. The Mississippi state legislature provided no private right of action for an alleged violation of MISS. CODE ANN. § 45-9-55. Moreover, in the more than eight years since MISS. CODE ANN. § 45-9-55 was enacted, no Mississippi state court has done so either. This Code Section does not invoke the same public policy concerns as those addressed by the existing exceptions to Mississippi's employment at-will doctrine. The District Court's dismissal of Count 1 should be affirmed.

The District Court's dismissal of Count 2 should be affirmed because Swindol alleged insufficient facts in support of his claim for defamation to satisfy the pleading requirements of Rule 8. Paragraphs 10 and 20 of the Complaint, the only paragraphs containing allegations of defamation, contain little more than bare bones, conclusory allegations that cannot make his claim plausible on its face. The dismissal of Count 2 should also be affirmed because any allegedly defamatory words were spoken to employees of Aurora with a direct and legitimate business interest and are protected by qualified immunity, as is clear from the allegations of the Complaint itself.

## IV.  ARGUMENT

### A.  Standard of Review on Appeal.

This Court reviews questions of law de novo.  Arete Partners, LP v. Gunnerman, 594 F.3d 390, 394 (5th Cir. 2010).  Under the Erie doctrine, a federal court sitting in diversity is "obliged to apply the latest and most authoritative expression of state law applicable to the facts[.]" Lamarque v. Mass. Indem. & Life Ins. Co., 794 F.2d 194, 196 (5th Cir. 1986); see Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  The Fifth Circuit may affirm the District Court on any ground supported by the record.  Gilbert v. Donahoe, 751 F.3d 303, 311 (5th Cir. 2014).

### B.  Standard of Review for a 12(b)(6) Motion.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 536 U.S. 960 (2002).  When performing its analysis, the District Court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Leal v. McHugh, 731 F.3d 405, 410 (5th Cir. 2013).  While the Court must assume the truth of a complaint's factual allegations, those allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff's

obligation to "provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Conley v. Gibson, 355 U.S. 41, 46-47 (1957)).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." Id. at 674-80 (quotation marks omitted).

### C. The District Court Properly Dismissed Count 1 (Wrongful Discharge).

This Court should affirm the District Court's dismissal of Count 1 for two reasons. First, MISS. CODE ANN. § 45-9-55 contains an explicit bar prohibiting "a civil action for damages resulting from or arising out of an occurrence involving the transportation, storage, possession or use of a firearm." MISS. CODE ANN. § 45-9-55. Second, Section 45-9-55 provides no private right of action, Swindol's discharge is not actionable under any of the current, narrow exceptions to

Mississippi's employment at-will doctrine, and there is no basis to believe that the Mississippi Supreme Court would decide to create a new exception to the at-will doctrine under the facts of this case.

### i. The Dismissal of Count 1 should be Affirmed because Section 45-9-55 Prohibits Civil Actions for Damages Against Employers.

Section 45-9-55 of the Mississippi Code prohibits Mississippi employers from enforcing policies that have "the effect of prohibiting a person from transporting or storing a firearm in a locked vehicle in any parking lot, parking garage, or other designated parking area." MISS. CODE ANN. § 45-9-55(1). However, the statute contains a sweeping, explicit bar to civil actions for damages against employers. Subsection (5) states: "A public or private employer <u>shall not be liable in a civil action for damages</u> resulting from or arising out of an occurrence involving the transportation, storage, possession or use of a firearm covered by this section." MISS. CODE ANN. § 45-9-55(5) (emphasis added).

Swindol's suit for damages against his former employer, Aurora, falls squarely within this prohibition. Swindol alleges that he was terminated because he stored a handgun in his vehicle on aurora premises. Thus, Swindol alleges that he was terminated as a direct result of his "transportation, storage [and] possession [ ... ] of a firearm covered by" Section 45-9-55.

Subsequent to the District Court issuing its opinion in this case, another District Court examining a different case factually indistinct from this one held that the Mississippi legislature expressly <u>precluded</u> a cause of action against an employer for any "occurrence" – including termination of employment – "involving the transportation, storage, [or] possession . . . of a firearm covered by this section." <u>Parker v. Leaf River Cellulose</u>, 2014 U.S. Dist. LEXIS 175476, at *7-8 (S.D. Miss. Dec. 19, 2014) (brackets and ellipses in original). The court held that an action for wrongful termination based on a violation of Section 45-9-55 is "an action 'arising out of an occurrence involving the transportation, storage, [or] possession . . . of a firearm covered by this section.'" <u>Id.</u> at *7 (quoting MISS. CODE ANN. § 45-9-55(5)) (ellipsis in original). The court then noted that:

> the terms "arising out of" and "occurrence" are not defined under section 45-9-55. However, the plain and ordinary meanings of these terms are sufficiently expansive to operate in the confines of this dispute. In considering a separate statutory provision, the Mississippi Supreme Court has described the terms "arising out of" as "broadly-construed words of causation" simply calling "for some causal connection" or "rational connection". <u>Big "2" Engine Rebuilders v. Freeman</u>, 379 So. 2d 888, 890-91 (Miss. 1980) (construing MISS. CODE ANN. § 71-3-3(b)). An "occurrence" is "something that takes place". <u>Merriam-Webster Dictionary</u> 501 (2004); <u>see also</u> <u>Black's Law Dictionary</u> (9th ed. 2009) (defining "occurrence" as "[s]omething that happens or takes place").

<u>Id.</u> at *7-8. The court held, because there was a rational connection between the lawsuit and the storage of a firearm in a vehicle on the employer's property, the suit was barred by Subsection (5). <u>Id.</u> at *8.

The Parker court was correct. Swindol's lawsuit arose out of an occurrence involving the storage of a firearm on his employer's property. The only way this Court can find that Subsection (5) does not bar Swindol's claim would be to ignore, delete, revise or add to the language of Subsection (5) – something this Court may not do, at least while interpreting Mississippi state law. Lott v. Alexander, 134 So. 3d 369 (Miss. Ct. App. 2014) ("The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would be intrenching upon the power of the Legislature." Id. at 373 (quoting Wallace v. Town of Raleigh, 815 So. 2d 1203, 1208 (¶ 17) (Miss. 2002))). The District Court should be affirmed.

ii.   **The Dismissal of Count 1 should be Affirmed because
       Section 45-9-55 Provides no Private Right of Action
       and this Court should not Create an Exception to the
       At-Will Employment Doctrine.**

This Court should affirm the District Court's dismissal of Count 1 because Swindol's discharge is not actionable under any of the current, narrow exceptions to Mississippi's employment at-will doctrine, and because there is no basis to believe that the Mississippi Supreme Court would decide to create a new exception to the at-will doctrine under the facts of this case. Mississippi is an employment at-will state and follows "the common law rule that a contract of employment for an indefinite period may be terminated at the will of either party." McArn v. Allied Bruce-Terminex Co., 626 So. 2d 603, 606 (Miss. 1993) (internal quotation marks

omitted) (quoting <u>Kelly v. Mississippi Valley Gas Co.</u>, 397 So. 2d 874, 874 (Miss. 1981)); <u>see also</u> <u>Perry v. Sears, Roebuck & Co.</u>, 508 So. 2d 1086, 1088 (Miss. 1987). This means that either "an employer or an employee may have a good reason, a wrong reason, or no reason at all" for terminating the employment relationship. <u>Id.</u> (citing <u>Kelly</u>, 397 So. 2d at 875); <u>see also</u> <u>HeartSouth, PLLC v. Boyd</u>, 865 So. 2d 1095, 1108 (Miss. 2003).

In <u>McArn</u>, the Mississippi Supreme Court created a limited public policy exception to the general at-will employment doctrine:

> (1) an employee who refuses to participate in an illegal act as in <u>Laws</u> shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.

626 So. 2d at 607. As the District Court correctly recognized, in the more than twenty years since <u>McArn</u> was decided, Mississippi courts have consistently refused to expand the <u>McArn</u> exceptions. <u>See</u> <u>DeCarlo v. Bonus Stores, Inc.</u>, 989 So. 2d 351, 358 (Miss. 2008) (refusing to "extend the narrowly carved-out exceptions to our employment-at-will doctrine to create individual liability" where the individual defendant was acting in the course and scope of his employment); <u>Jones v. Fluor Daniel Servs. Corp.</u>, 959 So. 2d 1044, 1047 (Miss. 2007) (refusing to extend <u>McArn</u> exception for the reporting of illegal acts to acts not related to

defendant's business); <u>Buchanan v. Ameristar Casino Vicksburg, Inc.</u>, 852 So. 2d 25, 26-27 (Miss. 2003) (refusing to recognize claim for wrongful termination for exercising statutory right to file a claim for workers' compensation benefits); <u>Miranda v. Wesley Health Sys., LLC</u>, 949 So. 2d 63, 69 (Miss. Ct. App. 2006); <u>Hammons v. Fleetwood Homes Of Mississippi, Inc.</u>, 907 So. 2d 357, 360 (Miss. Ct. App. 2004) (limiting the <u>McArn</u> public policy exception to "acts complained of [that] warrant the imposition of criminal penalties, as opposed to mere civil penalties") (citation omitted); <u>see also</u> <u>Wheeler v. BL Dev. Corp.</u>, 415 F.3d 399, 404 (5th Cir. 2005) ("broadening the scope of what the Mississippi Supreme Court and this Court have continually recognized as a "narrow public policy exception," would serve to envelope a much wider class of activities – a broadening that is at odds with the intent of the Mississippi Supreme Court when it first created the exception.") (citations omitted); <u>Cleland v. Acad. Sports & Outdoors</u>, 2013 WL 4519337, at *7 (S.D. Miss. Aug. 26, 2013) ("It is this Court's task to apply Mississippi law, not to make it. Consequently, the Court declines Cleland's request for it to act effectively as the Mississippi Legislature or Mississippi Supreme Court and establish a new public policy exception to Mississippi's longstanding employment-at-will doctrine based on interference with political rights.") (citations omitted), <u>reconsideration denied</u>, 2013 WL 5771256 (S.D. Miss. Oct. 24, 2013); <u>Medina v. Mims Oil Co.</u>, 2005 WL 1629800 (N.D. Miss. July 11, 2005) (refusing

to recognize additional public policy exception to at-will employment doctrine stating, "This court does not have the authority to make new law in Mississippi and will not do so.").

There is no basis in the last twenty plus years of jurisprudence to support the theory that the Mississippi Supreme Court would create another exception to the at-will doctrine, as Swindol pleads with this Court to do. Of course, when sitting in diversity and applying state law, federal courts are "Erie-bound to apply state law as it currently exists, and may not change that law or adopt innovative theories of recovery." Solomon v. Walgreen Co., 975 F.2d 1086, 1089 (5th Cir. 1992) (citations omitted). Perplexingly, Swindol asks this Court to do exactly what it has stated it may not do – change state law to create from whole cloth a theory of recovery that suits his needs. To his credit, Swindol does not attempt to conceal this request, instead directly asking this Court to create "a third exception to Mississippi's at-will doctrine." (Appellant Br. at 22). However, this Court should decline his request for the simple reason that it is duty-bound to do so.

This Court also should decline to expand the public policy exception to the at-will doctrine because Mississippi Code Section 45-9-55 contains no private right of action. If the legislature of Mississippi had intended to provide a private right of action for a violation of this Code Section, they possessed both the opportunity and wherewithal to do so. Instead, in their wisdom, they did not. Rather, they included

Subsection (5), which clearly indicates that the legislature did not believe this Section could create the basis of civil liability. See MISS. CODE ANN. § 45-9-55(5). Thus, not only is this not an open public policy issue, the Legislature has spoken to the issue and determined that there is <u>not</u> a public policy in Mississippi favoring holding employers liable for violations of Mississippi Code Section 45-9-55.

It is not for this Court to expand this Code Section to include a private right of action, particularly when the legislature has indicated otherwise. <u>See</u> <u>Kelly v. Miss. Valley Gas Co.</u>, 397 So. 2d at 876; <u>Buchanan</u>, 852 So. 2d at 26-27. As the Mississippi Supreme Court reiterated in <u>Kelly:</u>

> The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would be intrenching [sic] upon the power of the legislature. Neither have the courts authority to write into the statute something which the legislature did not itself write therein, nor can they ingraft [sic] upon it any exception not done by the lawmaking department of the government. Whenever the judiciary shall undertake to violate these rules - indeed, we may say maxims - then it is guilty of usurpation in its most obnoxious form; and the courts dare not do this lest they destroy their own usefulness and power.

<u>Id.</u> (quoting <u>Hamner v. Lumber Co.</u>, 56 So. 466, 490 (Miss. 1911)) (brackets added). The Mississippi Supreme Court has made it clear that this Court should not grant the relief sought by Swindol.

In support of his request for an expansion of Mississippi law, Swindol cites a myriad of cases that do not support his position. First, he attempts to distinguish <u>Buchanan</u> and <u>Kelly</u> by arguing that, in this case unlike in those cases, "this Court

would not be engrafting provisions different from that expressed by the Legislature." (Appellant Br. at 12). But that position wholly ignores Subsection (5) and the clear intent of the Legislature contained therein that employers <u>not</u> be held liable for a violation of MISS. CODE ANN. § 45-9-55. Thus, this case is aligned with <u>Buchanan</u> and <u>Kelly</u>.

Second, Swindol's citation to <u>Mitchell v. Univ. of Kentucky</u>, 366 S.W.3d 895, 898 (Ky. 2012) is unhelpful for multiple reasons. In that case, the Kentucky Supreme Court – not a federal court sitting in diversity – held that two laws were diametrically opposed to one other and resolved the conflict. In this case, no such conflict exists. Subsection (1) prohibits the enforcement of policies banning employees from storing a firearm in their locked car and Subsection (5) bars suits for damages against an employer. These two provisions do not conflict with one other. Rather, Subsection (1) prohibits certain conduct and Subsection (5) prohibits a certain remedy. Moreover, Kentucky's public policy exceptions to the at-will employment doctrine are broader than those in Mississippi. <u>See</u> <u>Mitchell</u>, 366 S.W.3d at 898. While Kentucky recognizes exceptions for terminations "contrary to fundamental and well-defined public policy as evidenced by existing law," <u>Id.</u>, Mississippi recognizes only those exceptions specifically announced in <u>McArn</u>.

In addition, Swindol relies heavily on <u>Laws v. Aetna Finance</u>, 667 F. Supp. 342 (N.D. Miss. 1987), which was decided before <u>McArn</u>. The situation faced by Judge Davidson in <u>Laws</u> is quite distinct from the situation with which the Court is presented in this case. This case was decided before the Mississippi Supreme Court created Mississippi the public policy exception, making it more logical for a District Court to make the <u>Erie</u> "guess" it did. This District Court had, and this Court has, the benefit of twenty-one years of Mississippi case law and legislation to assist it in deciding whether Swindol stated a claim under Mississippi law.

In <u>Laws</u>, the plaintiff was terminated for refusing to participate in his employer's scheme to add insurance coverage onto loan packages "and through deceptive dealings or practices, neither informing the borrower that the loan repayment schedule includes the cost of insurance nor offering the borrower an opportunity to decline such coverage," a scheme that allegedly would "violate not only the federal Truth-In-Lending Act, 15 U.S.C.A. § 1601 <u>et seq.</u>, but also Mississippi's Small Loan Regulatory Law, § 75-67-101 <u>et seq.</u>, MISS. CODE ANN. (1972)." <u>Id.</u> at 343-44.

Judge Davidson described the employer's conduct as alternatively "unsavory and possibly illegal business practices" and "unlawful and unconscionable conduct." <u>Id.</u> Judge Davidson noted that if the plaintiff was proven to have participated in the scheme, he may have been subject to "civil, 15 U.S.C.A. § 1640,

and criminal penalties, 15 U.S.C.A. § 1611." Id. at 344. Judge Davidson further stated that "[t]he court is not prepared to place itself in the unseemly position of condoning possibly illegal activity on the part of an employer by allowing such activity to stand as grounds for an employee's termination." Id. It was on these facts that Judge Davidson identified the public policy exception, holding that "an at-will employee should not be called upon to choose between abiding by the law or forfeiting his employment." Id. Even in this egregious case, however, Judge Davidson recognized that it was "unfortunate indeed that the matter did not remain before a Mississippi court for resolution" and that it was "not the province of this court to create new law for Mississippi." Id.

The facts of the McArn decision also are illustrative. In that case, the plaintiff testified that his supervisor "was making him lie and cheat the customers about their termite treatment," forced him to "falsify his chemical reports that were to go to the State Agricultural Department," "instructed [him] to apply inadequate chemical treatment," and "made him tell the customer the job was complete when [the plaintiff] and [the supervisor] both knew the job was not completed." 626 So. 2d at 605. This testimony was corroborated by the testimony of a Department of Agriculture Supervisor. Id. On these facts, the Mississippi Supreme Court created the very narrow public policy exception to the employment at-will doctrine for refusing to participate in, or reporting, illegal acts.

This case is very different from <u>Laws</u> and <u>McArn</u>. First, unlike the plaintiffs in those two cases, Swindol was not placed in the dilemma of choosing between committing a crime or losing his employment. Second, there is no allegation that Aurora engaged in any illegal conduct. Rather, Aurora acted out of concern for the safety of its employees to remove a potential security threat from its premises.

In this case, Swindol concedes, as he must, his allegations do not fall under the <u>McArn</u> exception to the at-will employment doctrine. Swindol does not allege that he was terminated for refusing to participate in illegal activity or for reporting illegal activity. Rather, he alleges that his termination "in retaliation for his involvement in protected activity was unlawful and contrary to the policies of the State of Mississippi." (ROA. 7, ¶ 15). As the District Court correctly held, Mississippi does not recognize this as an exception to the at-will doctrine, and it is not the role of federal courts to create novel state causes of action from whole cloth, as Swindol would have this Court do. The District Court should be affirmed.

### D. <u>It is Unnecessary to Certify the Question to the Mississippi Supreme Court.</u>

For all the reasons previously stated in Section IV.C., <u>supra</u>, this Court should decline to certify a question to the Mississippi Supreme Court, as Swindol has requested. This would merely serve to prolong this litigation further, as it is absolutely clear that: 1) MISS. CODE ANN. § 45-9-55 contains no private right of action; 2) the courts of Mississippi have not created any further exceptions to the

at-will employment doctrine since <u>McArn</u>; and 3) the Supreme Court of Mississippi would not engraft upon Section 45-9-55 a private right of action where none exists. Instead, this Court should affirm the District Court.

Swindol's request is curious. He had to know, as evidenced by his response to the Motion to Dismiss, that his allegations were outside the scope of Mississippi's exception to employment at will, yet he filed suit in a court not empowered to expand that exception. Had he filed suit in state court (where jurisdiction existed), Swindol would have had a clear route to the relief he now asks this Court to grant.

### E.  <u>This Court Should Affirm the Dismissal Of Count 2 (Defamation)</u>.

This Court should affirm the holdings of the District Court that Swindol failed to state a claim of defamation, that any alleged defamatory statement is protected by a qualified privilege, and that Swindol did not plead any facts supporting his allegation that the statements were made with malice, bad faith, or abuse.

### i.  The District Court Correctly Found that Count 2 Failed to State a Claim of Defamation.

The District Court correctly found that Swindol failed to state a claim for defamation and dismissed his claim without prejudice. In <u>Twombly</u>, the United States Supreme Court re-examined federal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

544 (2007). Recognizing the enormity of the burden placed on defendants in defending against casual allegations of "conspiracy," the Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [under Rule 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A complaint meets this plausibility requirement only where it contains factual allegations that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Factual allegations "must permit the court 'to infer more than the mere possibility of misconduct.'" Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Iqbal, 556 U.S. at 679). Where factual allegations are "merely consistent with" misconduct, a complaint fails to state a claim. Iqbal, 556 U.S. at 678.

In determining whether a claim to relief is plausible here, the Court is empowered to "draw on its judicial experience and common sense." Id. at 679. Although the Court must accept a complaint's factual allegations as true in evaluating a motion to dismiss, a "legal conclusion couched as a factual allegation" is not entitled to a presumption of truth. Id. at 678. Nor need this Court accept as true mere conclusory allegations, "threadbare recitals of the elements of a cause of

action," or unwarranted factual inferences.  Morgan v. Swanson, 659 F.3d 359, 370 (5th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

In Franklin v. Thompson, 722 So. 2d 688, 692 (Miss. 1998), the court identified the required elements of defamation: "(1) a false and defamatory statement concerning plaintiff; (2) unprivileged publication to third party; (3) fault amounting at least to negligence on part of publisher; (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication."  Id.  (citing Moon v. Condere Corp., 690 So. 2d 1191, 1195 (Miss.1997); McCullough v. Cook, 679 So. 2d 627, 630 (Miss. 1996); Blake v. Gannett Co., 529 So. 2d 595, 602 (Miss. 1988)).

In Mississippi, "the threshold question in a defamation action is whether the statement was defamatory because if the statement was not defamatory, little else matters."  Harris v. Lewis, 755 So. 2d 1199, 1202 (Miss. Ct. App. 1999) (citing Fulton v. Mississippi Publishers Corp., 498 So.2d 1215, 1216 (Miss. 1986)).  The court begins by determining whether the statement bears the meaning ascribed to it by the plaintiff and if this meaning is defamatory.  Manasco v. Walley, 216 Miss. 614, 630, 63 So.2d 91, 96 (1953); Restatement (Second), Torts § 614 (1977).  The meaning is defamatory if the statement is false and "tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the

community." <u>Fulton v. Mississippi Publishers Corp.</u>, 498 So. 2d 1215, 1217 (Miss. 1986) (quoting <u>Ferguson v. Watkins</u>, 448 So. 2d 271, 275 (Miss. 1984)).

In <u>Ferguson</u>, the Mississippi Supreme Court refined the common law rule to require that "the words used must have been clearly directed at the plaintiff [and] the defamation must be clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture." 448 So. 2d at 275.

In this case, the District Court correctly found that Swindol failed even to allege falsity and "alleged no facts showing that Aurora or its human resources manager acted in bad faith or with malice." (ROA. 10). Swindol alleged that "the Aurora human resource manager arranged a plant-wide meeting and informed all other Aurora employees that Swindol was a security risk and instructed them to call 911 if Swindol were seen anywhere near Aurora's premises." (ROA. 7, ¶ 10). Swindol then stated that "[rumors of Swindol's termination at Aurora spread and were distorted" and "[e]mployees at American Eurocopter, Swindol's former employer, were lead to believe that Swindol was fired for carrying a weapon inside Aurora's office complex." (ROA. 7, ¶ 11). Nowhere in the Complaint did Swindol claim that these statements were false. Nor can he. Swindol was known to be in possession of a firearm, which he had brought to work and left in plain sight on the front seat of his vehicle for the world to see, and had also just been terminated from his position with Aurora. As such, he posed, at the time the

statement was made, a risk to the security of the facility.  There is no demonstrably false aspect to this statement and the dismissal of Count 2 should be affirmed for this reason alone.

Swindol also cannot demonstrate that, were the statements false, they were also defamatory per se in the State of Mississippi.  Unable to find a single Mississippi case where labeling a recently terminated, armed employee a "security risk" constituted defamation, Swindol cites Swengler v. ITT Corp. Electro-Optical Prods. Div., 993 F.2d 1063, 1070-71 (4th Cir. 1993), for this proposition. However, Swengler is neither controlling nor persuasive. The employee in that case made a series of statements about ITT, including unsubstantiated allegations of patent infringement and fraud, in addition to the "security risk" comment. Id. at 1071.  Moreover, Swengler merely states the law of Virginia, which recognizes statements that prejudice a plaintiff in his profession or trade as defamation per se, not Mississippi, which does not recognize this type of defamatory statement as defamation per se. See Phillips Brothers, LP v. Winstead, 129 So. 3d 906, 929 (Miss. 2004).  As such, whether the statement prejudiced Swindol in his profession or trade is irrelevant.

In Phillips, the Supreme Court of Mississippi held that statements actionable per se are:

> (1) Words imputing the guilt or commission of some criminal offense involving moral turpitude and infamous punishment. (2) Words

imputing the existence of some contagious disease. (3) Words imputing unfitness in an officer who holds an office of profit or emolument, either in respect of morals or inability to discharge the duties thereof. (4) Words imputing a want of integrity or capacity, whether mental or pecuniary, in the conduct of a profession, trade or business; and in this and some other jurisdictions (5) words imputing to a female a want of chastity.

Id.  Swindol appears to be arguing that the "security risk" statement falls under the first and/or fourth category.  Again, Swindol is mistaken.  It is increasingly difficult in our pluralistic society to define what a crime of moral turpitude and infamous punishment is, but this much is clear – being a mere risk to security is not a crime of moral turpitude and infamous punishment.  It is not even a crime. Therefore, it cannot fall under the first category of statements actionable as defamation per se.  This is unaffected by the allegation that the human resource manager allegedly told other employees to call 911 if Swindol was seen near Aurora premises, as it is clear from the face of the Complaint that this was to be done as a precaution.  Swindol does not – and cannot – allege defamatory words imputing the guilt or commission of a criminal offense involving moral turpitude and infamous punishment.

The "security risk" statement also did not impute a want of integrity or capacity, whether mental or pecuniary, in the conduct of a profession, trade or business.  Rather, it simply expressed precautionary concern that Swindol may pose some unspecified risk to Aurora's employees separate and apart from his

profession, business or trade. The "security risk" statement was not defamation per se under the law of Mississippi.

The Complaint also contains no facts that could support a finding that the human resource manager, or Aurora, made any statements with actual malice – either knowing them to be false, or with reckless disregard for their truth. Smith v. White, 799 So. 2d 83, 87 (Miss. 2001) (citing Speed v. Scott, 787 So.2d 626, 631 (Miss. 2001)). Swindol's cursory allegations, which fail to allege who the speaker was, what was actually said, who heard it, and any facts that could support a finding of malice, cannot be sufficient to satisfy the pleading requirements of Rule 8(a)(2). The District Court's dismissal of Count 2 should be affirmed.

### ii. The District Court's Dismissal of Count 2 should be Affirmed Because Any Defamatory Statements are Protected by a Qualified Privilege.

This Court should also affirm the District Court's dismissal of Swindol's defamation claim because it is clear from his Complaint that any allegedly defamatory statements are protected by a qualified privilege. It is settled law that "a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983); accord Jones v. Bock, 549 U.S. 199, 215 (2007); La Porte Constr. Co. v. Bayshore Nat'l Bank of

La Porte, 805 F.2d 1254, 1255 (5th Cir. 1986). "Although defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." In re: Dynegy, Inc. Secs. Litig., 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004); see also Jones, 549 U.S. at 215; Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003), cert. denied, 540 U.S. 1161 (2004).

"When analyzing defamation claims, Mississippi courts employ a bifurcated process. First, the Court must determine whether the occasion called for a qualified privilege. If a qualified privilege does exist, the Court must then determine whether the privilege is overcome by malice, bad faith, or abuse." Eckman v. Cooper Tire & Rubber Co., 893 So. 2d 1049, 1052 (Miss. 2009) (citing Garziano v. E.I. Dupont de Nemours & Co., 818 F.2d 380, 386-87 (5th Cir. 1987) (applying Mississippi law)). In Smith v. White, the Mississippi Supreme Court explained the qualified privilege:

> A communication made in good faith and on a subject matter in which the person making it has an interest, or in reference to which he has a duty, is privileged if made to a person or persons having a corresponding interest or duty, even though it contains matter which without this privilege would be slanderous, provided the statement is made without malice and in good faith.

799 So. 2d 83, 86 (Miss. 2001); see also Benson v. Hall, 339 So.2d 570, 572-73 (Miss. 1976) ("When qualified privilege is established, statements or written communications are not actionable as slanderous or libelous absent bad faith or

malice if the communications are limited to those persons who have a legitimate and direct interest in the subject matter." Id. at 573).

Nevertheless, "[a] qualified privilege does not protect a defamatory statement where there is excessive publication to persons not within the 'circle' of those people who have a legitimate and direct interest in the subject matter of the communication." Eckman, 893 So. 2d at 1053 (citing Garziano, 818 F.2d at 391-92). Moreover, "[i]f the publication is subject to the qualified privilege from business communications, liability for defamation may still attach upon a finding of malice, defined by this Court as "knowledge of falsity or reckless disregard as to truth or falsity." 893 So. 2d at 1053 (citing Hayden v. Foryt, 407 So. 2d 535, 536 (Miss. 1981)).

However, the Eckman Court also stated:

> if the defendant honestly believed the plaintiff's conduct to be such as he described it, the mere fact that he used strong words in describing it is no evidence of malice. [407 So. 2d] at 539. The fact that the expressions are angry and intemperate is not enough; the proof must go further and show that they are malicious. Id. The plaintiff in a defamation action bears the burden of proving the falsity of the statement. Blake v. Gannett Co., 529 So. 2d 595, 602 (Miss. 1988) (citing Reaves v. Foster, 200 So. 2d 453 (Miss. 1967)); see Philadelphia Newspapers, Inc. v. Hepps, 475 U.S. 767, 776, 106 S. Ct. 1558, 1563, 89 L. Ed. 2d 783, 792 (1986).

Eckman, 893 So. 2d at 1053 (emphasis added) (parenthetical omitted). As the Mississippi Supreme Court stated in Benson v. Hall:

> When qualified privilege is established, statements or written communications are not actionable as slanderous or libelous absent bad faith or malice if the communications are limited to those persons who have a legitimate and direct interest in the subject matter.

339 So.2d at 573.

The Mississippi Supreme Court had the opportunity to discuss the required showing of malice in <u>Scott-Burr Stores Corp. v. Edgar</u>, a defamation case involving an assertion of qualified privilege arising from a business relationship:

> Actual or express malice, as distinguished from malice in law, in its ordinary sense denotes ill will, a sentiment of hate or spite, especially when harbored by one person towards another, and exists when one with a sedate, deliberate mind and formed design injures another, as where the person is actuated by ill will in what he does and says, with a design to willfully or wantonly injure another. Kneel on Slander and Libel, 4th Ed. § 271 <u>et seq.</u>

> [...]

> "If the evidence adduced is equally consistent with either the existence or the nonexistence of malice, there can be no recovery, for there is nothing to rebut the presumption which has arisen in favor of the defendant from the privileged communication." <u>Gust v. Montgomery Ward & Co.</u>, 229 Mo.App. 371, 80 S.W.2d 286; <u>Rosenberg v. Mason</u>, 157 Va. 215, 160 S.E. 190, 202. In the <u>Rosenberg</u> Case the court in dealing with a privileged occasion, said: "It is not sufficient in a case such as this that the evidence be consistent with the existence of actual malice, or even that it raise a suspicion that the defendant might have been actuated by malice or a doubt as to his good faith. It must affirmatively prove the existence of actual malice, and to do so it must be more consistent with the existence of actual malice than with its nonexistence."

<u>Scott-Burr Stores Corp. v. Edgar</u>, 177 So. 766, 770 & 771-72 (1938).

In the case at bar, the Complaint established that any alleged defamatory statements are protected by a qualified privilege and that Swindol has alleged no facts to support his bare bones allegations of malice. The statements are protected by a qualified privilege because they were made at a "plant-wide meeting" and merely informed the employees that "Swindol was a security risk and instructed them to call 911 if Swindol were seen anywhere near Aurora's premises." (ROA. 7, ¶ 10). Every employee at the plant had a legitimate and direct interest in this information, which affected each employee's personal safety. Moreover, the meeting was held to a sufficiently small circle of people – those who might come into direct contact with Swindol – and not expanded to other Aurora employees.

Swindol makes one allegation, without factual support, in his Complaint regarding malice. In Paragraph 20 of the Complaint, Plaintiff alleges:

> Aurora acted willfully and maliciously, or with gross disregard of Swindol's rights, evidenced by its treatment of him at the time of his termination, and, specifically, Aurora's highly defamatory remarks concerning him being a "security risk'' or words to that effect, implying or accusing Swindol of having committed a crime, or other words claiming or implying that Swindol was a "dangerous" person not to be permitted on Aurora's premises, and, in fact, if so seen that law enforcement was to be informed, and Aurora, through its agents and employees, in the course and scope of their employment, slandered and defamed Swindol and such acts constitute slander per se.

This conclusory allegation is wholly insufficient to state a claim that Aurora acted with malice. As the District Court correctly found, there are no facts alleged in the

Complaint that Aurora held any ill-will, hate or spite towards Swindol. If anything, the allegations in the Complaint reveal an employer concerned about the safety of its employees, not one bent on destroying Swindol's reputation in the community. Notably absent from this case is any factual allegation that the unnamed "human resource manager" was actuated by any ill will, hate or spite.

Swindol argues that the District Court "erred by failing to consider other allegations contained in Swindol's Complaint that would have allowed it to draw the reasonable inference that Aurora made a publication in reckless disregard as to its truth or falsity." (Appellant Br. at 12). He then cites to facts in the Complaint that have absolutely no bearing on the mind of the alleged speaker, and give no indication that the allegedly defamatory statements were made out of ill-will, spite or anger. Swindol utterly failed to allege the required malice to overcome a qualified privilege and this Court should affirm the dismissal of Count 2.

## V.    **CONCLUSION**

For the foregoing reasons, the District Court's Order dismissing Swindol's Complaint should be affirmed.

March 11, 2015                    Respectfully submitted,


                                  AURORA FLIGHT SCIENCES
                                  CORPORATION

                                  By Counsel

  s/ *Stephen W. Robinson*

STEPHEN W. ROBINSON, ESQ.
srobinson@mcguirewoods.com
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
*Counsel for Defendant-Appellee Aurora*
*Flight Sciences Corporation*

NICHOLAS D. SANFILIPPO, ESQ.
nsanfilippo@mcguirewoods.com
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
Telephone: (703) 712-5378
Facsimile: (703) 712-5220
*Counsel for Defendant-Appellee Aurora*
*Flight Sciences Corporation*

R. BRADLEY BEST, ESQ.
bradbest@holcombdunbar.com
HOLCOMB, DUNBAR, WATTS, BEST,
MASTERS, & GOLMON, P.A.
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, Mississippi 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552
*Counsel for Defendant-Appellee Aurora*
*Flight Sciences Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that he caused the foregoing Response Brief of Defendant-Appellee Aurora Flight Sciences Corporation to be filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit on March 11, 2015 by using the appellate CM/ECF system, which will send notice of the filing to counsel for appellants, who is a registered CM/ECF user:

> David O. Butts, Esq.
> Renasant Center, Suite 110
> 398 East Main Street
> Tupelo, MS  38804
> Tel: (662) 841-1234
> Fax: (662) 841-0357
> davidbutts@davidbuttslawfirm.com
> *Counsel for Plaintiff-Appellant, Robert Swindol*

March 11, 2015

>   s/ *Stephen W. Robinson*    
> STEPHEN W. ROBINSON, ESQ.
> srobinson@mcguirewoods.com
> MCGUIREWOODS LLP
> 1750 Tysons Boulevard, Suite 1800
> Tysons Corner, Virginia 22102
> (703) 712-5000 (telephone)
> (703) 712-5050 (facsimile)
> *Counsel for Defendant-Appellee Aurora Flight Sciences Corporation*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, according to Microsoft Word's "Word Count" feature, this brief contains 7,526 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) and Fifth Circuit Rule 32.1 because this brief has been prepared in a proportionally-spaced typeface using Word 2010 in 14-point Times New Roman typeface (except for footnotes, which are in 12-point typeface as permitted by Fifth Circuit Rule 32.1).


March 11, 2015                                     s/ *Stephen W. Robinson*
                                      STEPHEN W. ROBINSON, ESQ.
                                      srobinson@mcguirewoods.com
                                      MCGUIREWOODS LLP
                                      1750 Tysons Boulevard, Suite 1800
                                      Tysons Corner, Virginia 22102
                                      (703) 712-5000 (telephone)
                                      (703) 712-5050 (facsimile)
                                      *Counsel for Defendant-Appellee Aurora*
                                      *Flight Sciences Corporation*