No. 14-60779

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————————————————————————

ROBERT SWINDOL,

*Plaintiff-Appellant,*

v.

AURORA FLIGHT SCIENCES CORPORATION,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSISSIPPI (ABERDEEN DIVISION), CIVIL
ACTION NO. 1:13-CV-00237 (SA-DAS)

———————————————————————————————————————

**REECORD EXCERPTS OF DEFENDANT-APPELLEE
AURORA FLIGHT SCIENCES CORPORATION**

———————————————————————————————————————

STEPHEN W. ROBINSON
NICHOLAS D. SANFILIPPO
MCGUIREWOODS LLP
1750 Tysons Boulevard
Suite 1800
Tysons Corner, VA 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
srobinson@mcguirewoods.com
nsanfilippo@mcguirewoods.com

R. BRADLEY BEST
HOLCOMB, DUNBAR, WATTS, BEST,
MASTERS, & GOLMON, P.A.
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, Mississippi 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552
bradbest@holcombdunbar.com

DATED: March 11, 2015                    *Attorneys for Defendant-Appellee*

# TABLE OF CONTENTS

**DEFENDANT, AURORA FLIGHT SCIENCES CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT (ROA. 17-31)**........................................................................Tab 1

**DEFENDANT AURORA FLIGHT SCIENCES CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ROA. 66-75)**.........................................................Tab 2

**CERTIFICATE OF SERVICE** .......................................................Tab 3

**TAB 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**Oxford Division**

**ROBERT SWINDOL**                                                                    **PLAINTIFF**

**v.**                                                        **Civil Action No. <u>1:13cv00237-SA-DAS</u>**

**AURORA FLIGHT SCIENCES**
**CORPORATION**                                                                 **DEFENDANT**


**DEFENDANT, AURORA FLIGHT SCIENCES CORPORATION'S,**
<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**</u>

Defendant, Aurora Flight Sciences Corporation ("Aurora"), pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6, hereby submits this Memorandum in Support of its Motion to Dismiss Plaintiff, Robert Swindol's, Complaint.

**I.**      <u>**INTRODUCTION.**</u>

Plaintiff's Complaint should be dismissed with prejudice because Plaintiff cannot state a claim for relief against Aurora. The termination of Plaintiff's employment with Aurora was lawful because his employment was at-will and the termination did not violate Mississippi public policy such that it would fall into the very narrow exception to the employment at-will doctrine. As such, Count 1 should be dismissed as Plaintiff was not wrongfully discharged.

Count 2 should be dismissed for two independent reasons. First, Plaintiff has failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, as that Rule has been interpreted by <u>Iqbal</u>, <u>Twombly</u>, and their progeny. Second, to the extent the Court finds that Plaintiff has satisfied the requirements of Rule 8, any alleged defamatory statement is protected by a qualified privilege and Plaintiff has not pled any facts supporting his allegation that the statements were made with malice, bad faith, or abuse. Therefore, the Complaint fails to state a claim against Aurora and should be dismissed with prejudice.

## II.  **PROCEDURAL HISTORY**.

Plaintiff Robert Swindol filed his Complaint on December 16, 2013.  (Docket no. 1). That same day, the Clerk's Office issued a summons as to Aurora.  (Docket no. 2).  On January 9, 2014, Plaintiff served Aurora with process.  (Docket no. 3).  Plaintiff filed proof of service with the Court on January 13, 2014.  Id.

## III.  **RELEVANT FACTUAL ALLEGATIONS CONTAINED IN THE COMPLAINT**.[1]

Aurora owns and operates a facility in Columbus, Mississippi that fabricates and performs final assembly of composite aerostructures for defense and commercial aerospace customers.  (Compl. ¶ 5).  The Complaint alleges that Aurora hired Swindol as a mechanical assembler and painter in 2010.  (Compl. ¶ 6).  The Complaint also alleges that, on or about May 31, 2013, Swindol had a firearm in his locked vehicle parked in the Aurora parking lot.[2]  (Compl. ¶ 7).  That same day, Swindol was fired from his employment with Aurora for bringing a firearm on the Aurora premises.  (Compl. ¶ 7).  Swindol was then escorted off Aurora premises by Lowndes County deputy sheriffs.  (Compl. ¶ 9).  The Complaint alleges that the Aurora human resource manager arranged a plant-wide meeting and informed all other Aurora employees that Swindol was a security risk and instructed them to call 911 if Swindol were seen anywhere near Aurora's premises.  (Compl. ¶ 10).  Moreover, the Complaint alleges that the human resource manager also advised the employees present that if they failed to notify law enforcement of

---

[1]     For the purposes of this Motion only, Aurora accepts the well pleaded factual allegations contained in the Complaint as true, as it must at this stage of the proceedings.  Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012).  Aurora reserves the right to contest these factual allegations at the appropriate time. Aurora disputes and denies Swindol's legal conclusions and interpretations of his factual allegations.

[2]     Although Aurora must accept the well pleaded factual allegations contained in the Complaint as true at this stage of the pleadings, Aurora disputes a number of factual allegations made in the Complaint.  One example is that multiple witnesses in this case will present evidence that the firearm was not locked in Swindol's vehicle.  Rather, the firearm was sitting in open view on the front passenger seat of Swindol's vehicle and his windows were open several inches, enabling anyone to reach in and take physical possession of the firearm.  Aurora acknowledges that this is an issue for another time, but specifically reserves any and all rights to challenge that the firearm was locked in Swindol's vehicle.

14-60779.18

Swindol's presence near the plant their jobs would be at risk. (Compl. ¶ 10). The Complaint alleges that "[r]umors of Swindol's termination at Aurora spread and were distorted" and that "[e]mployees at American Eurocopter, Swindol's former employer, were lead to believe that Swindol was fired for carrying a weapon inside Aurora's office complex." (Compl. ¶ 11). The Complaint alleges that Swindol has diligently sought to find gainful employment in his field, without success. (Compl. ¶ 12).

## IV.    <u>LEGAL STANDARD</u>.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. <u>See</u> <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom.</u> <u>Cloud v. United States</u> 536 U.S. 960, 122 S. Ct. 2665, 153 L. Ed. 2d 839 (2002). When performing its analysis, the Court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), <u>abrogated on other grounds by</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); <u>Leal v. McHugh</u>, 731 F.3d 405, 410 (5th Cir. 2013). While the Court must assume the truth of the complaint's factual allegations, those allegations "must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (emphasis added). A plaintiff's obligation to "provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 46-47 (1957)).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Thus, a complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." <u>Id.</u> at 679. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." <u>Id.</u> at 674-80 (quotation marks omitted).

Moreover, "a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1105, 103 S. Ct. 729, 74 L. Ed. 2d 953 (1983); <u>accord</u> <u>Jones v. Bock</u>, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); <u>La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte</u>, 805 F.2d 1254, 1255 (5th Cir. 1986). "Although defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." <u>In re: Dynegy, Inc. Secs. Litig.</u>, 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004); <u>see also</u> <u>Jones</u>, 549 U.S. at 215; <u>Jones v. Alcoa, Inc.</u>, 339 F.3d 359, 366 (5th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1161, 124 S. Ct. 1173, 157 L. Ed. 2d 1206 (2004).

## V.  <u>ARGUMENT</u>.

Plaintiff's conclusory and formulaic Complaint fails to state any claim upon which relief may be granted, and should be dismissed, in its entirety, with prejudice. Plaintiff's termination was not wrongful as it is not encompassed by Mississippi's very narrow exception to the employment at-will doctrine. Moreover, Plaintiff has alleged no facts in support of his claim for defamation – he has identified no defamatory words or conduct, and no facts to support his bare

bones allegation of malice. Finally, even to the extent this Court can find that Plaintiff has stated a claim for defamation, any allegedly defamatory words were spoken to employees of Aurora with a legitimate business interest and are protected by qualified immunity.

### A. COUNT 1 SHOULD BE DISMISSED BECAUSE PLAINTIFF'S DISCHARGE IS NOT ACTIONABLE UNDER THE NARROW EXCEPTION TO MISSISSIPPI'S EMPLOYMENT AT WILL DOCTRINE.

Count 1 should be dismissed because plaintiff's discharge is not actionable under any of the narrow exceptions to Mississippi's employment at will doctrine. Mississippi is an employment at-will state and follows "the common law rule that a contract of employment for an indefinite period may be terminated at the will of either party." McArn v. Allied Bruce-Terminex Co., 626 So. 2d 603, 606 (Miss. 1993) (internal quotation marks omitted) (quoting Kelly v. Mississippi Valley Gas Co., 397 So. 2d 874, 874 (Miss. 1981)); see also Perry v. Sears, Roebuck & Co., 508 So. 2d 1086, 1088 (Miss. 1987). This means that either the employer or the employee may have a good reason, a wrong reason, or no reason at all for terminating the employment relationship. Id. (citing Kelly, 397 So. 2d at 875); see also HeartSouth, PLLC v. Boyd, 865 So. 2d 1095, 1108 (Miss. 2003).

In McArn, the Supreme Court of Mississippi created a limited public policy exception to the general employment at will doctrine, holding:

> there should be in at least two circumstances, a narrow public policy exception to the employment at will doctrine and this should be so whether there is a written contract or not: (1) an employee who refuses to participate in an illegal act as in Laws shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.

626 So. 2d at 607; see also Stephen v. Winston County, 2008 U.S. Dist. LEXIS 89511, at *18, 20-22 (N.D. Miss. Nov. 4, 2008) (Aycock, J.); Vaughn v. Carlock Nissan of Tupelo, Inc., 2011

14-60779.21

U.S. Dist. LEXIS 92747, at *10-12 (N.D. Miss. Aug. 18, 2011) (Aycock, J.); Crabb v. Wal-Mart Stores, Inc., 2012 U.S. Dist. LEXIS 131911, at *38-40 (N.D. Miss. Sep. 17, 2012) (Aycock, J.).

Moreover, the Fifth Circuit has rejected the argument that a plaintiff need only reasonably believe the activity is criminally illegal to recover under the McArn exception.  See Kyle v. Circus Circus Miss., Inc., 430 F. App'x 247, 247 (5th Cir. 2011); Wheeler v. BL Development Corp., 415 F.3d 399, 402-04 (5th Cir. 2005).  Rather, to invoke the McArn exception, "the plaintiff is required to prove that the conduct reported was actually criminal in nature." Crabb v. Wal-Mart Stores, Inc., 2012 U.S. Dist. LEXIS 131911, at *39 (citing Wheeler, 415 F.3d at 402-04); see also Stephen, 2008 U.S. Dist. LEXIS 89511, at *22.  Thus, "the McArn exception to the employment-at-will doctrine applies only to illegal acts which warrant the imposition of criminal penalties as opposed to mere civil penalties." Renick v. Nat'l Audubon Soc'y, Inc., 2009 U.S. Dist. LEXIS 11048, at *12-13 (N.D. Miss. Feb. 12, 2009) (citing Wheeler, 415 F. 3d at 404).

In this case, Plaintiff's allegations do not fall under the McArn exception to the employment at will doctrine. Plaintiff does not allege that he was terminated for refusing to participate in illegal activity or for reporting illegal activity.  Rather, he alleges that his termination "in retaliation for his involvement in protected activity is unlawful and contrary to the policies of the State of Mississippi." (Compl. ¶ 15).  First, this allegation falls far short of meeting the requirements of the McArn exception because Plaintiff has failed to allege that terminating Plaintiff for placing a firearm on his passenger seat while the car was on Aurora premises was a criminal violation by Aurora.  Second, even if Aurora violated Mississippi Code Section 45-9-55,[3] such violation was not a crime.  Were it a crime, it would be found in Title 97

---

[3]     Plaintiff's Complaint incorrectly cites this Code Section as "49-5-55."  There is no such Section in the Code of Mississippi.

14-60779.22

of the Code – "Crimes" – and not in Title 45.  Moreover, Section 45-9-55 makes no mention of any criminal penalty for its violation.  Third, and perhaps most importantly, Plaintiff makes no allegation that he was terminated because <u>he</u> refused to participate in criminal activity.  Rather, he simply alleges that Aurora's enforcement of a policy prohibiting guns was "unlawful."  This allegation does not fit within the confines of the very narrow <u>McArn</u> exception.  Plaintiff's termination was, thus, lawful and permitted because his employment was at-will and not in retaliation for a refusal to engage in illegal conduct.

        **B.**      **COUNT 2 SHOULD BE DISMISSED.**

Count 2 should be dismissed for two independent reasons.  First, Plaintiff has failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Second, any alleged defamatory statement is protected by a qualified privilege and Plaintiff has not pled any facts supporting his allegation that the statements were made with malice, bad faith, or abuse.

        **(i)**      **Count 2 Should Be Dismissed Because It Fails To Comport With The Pleading Requirements Of Rule 8 And The Supreme Court's Holdings In <u>Iqbal</u> And <u>Twombly</u>.**

In <u>Twombly</u>, the United States Supreme Court re-examined federal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. Recognizing the enormity of the burden placed on defendants in defending against casual allegations of "conspiracy," the Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [under Rule 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).

14-60779.23

A complaint meets this plausibility requirement only where it contains factual allegations that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. That is, factual allegations "must permit the court 'to infer more than the mere possibility of misconduct.'" Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Iqbal, 556 U.S. at 679). Where factual allegations are "merely consistent with" misconduct, a complaint fails to state a plausible claim to relief. Iqbal, 556 U.S. at 678.

In determining whether a claim to relief is plausible here, the Court is empowered to "draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Although the Court must accept a complaint's factual allegations as true in evaluating a motion to dismiss, a "legal conclusion couched as a factual allegation" is not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Nor need the Court accept as true mere conclusory allegations, "threadbare recitals of the elements of a cause of action," or unwarranted factual inferences. Morgan v. Swanson, 659 F.3d 359, 370 (5th Cir. 2011) (quoting Iqbal, 556 U.S. at 678); Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010).

In Franklin v. Thompson, 722 So. 2d 688, 692 (Miss. 1998), the court listed the required elements of defamation: "(1) a false and defamatory statement concerning plaintiff; (2) unprivileged publication to third party; (3) fault amounting at least to negligence on part of publisher; (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication." Id. (citing Moon v. Condere Corp., 690 So. 2d 1191, 1195 (Miss.1997); McCullough v. Cook, 679 So. 2d 627, 630 (Miss. 1996); Blake v. Gannett Co., 529 So. 2d 595, 602 (Miss. 1988)).

In Mississippi, "the threshold question in a defamation action is whether the statement was defamatory because if the statement was not defamatory, little else matters." Harris v.

Lewis, 755 So. 2d 1199, 1202 (Miss. Ct. App. 1999) (citing Fulton v. Mississippi Publishers Corp., 498 So.2d 1215, 1216 (Miss. 1986)). The trial court begins by determining whether the statement bears the meaning ascribed to it by the plaintiff and if this meaning is defamatory. Manasco v. Walley, 216 Miss. 614, 630, 63 So.2d 91, 96 (1953); Restatement (Second), Torts § 614 (1977). The meaning is defamatory if the statement is false and "tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community." Fulton v. Mississippi Publishers Corp., 498 So. 2d 1215, 1217 (Miss. 1986) (quoting Ferguson v. Watkins, 448 So. 2d 271, 275 (Miss. 1984)).

In Ferguson v. Watkins, 448 So. 2d 271, 275 (Miss. 1984), the Supreme Court of Mississippi refined the common law rule to require that "the words used must have been clearly directed at the plaintiff [and] the defamation must be clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture."

In this case, Plaintiff's Complaint alleges no false and defamatory statement or unprivileged[4] publication and does not allege who defamed him. Rather, he simply states that "the Aurora human resource manager arranged a plant-wide meeting and informed all other Aurora employees that Swindol was a security risk and instructed them to call 911 if Swindol were seen anywhere near Aurora's premises." (Compl. ¶ 10). As addressed in Section V(B)(ii), infra, any statements made at this meeting to Aurora employees were protected by a qualified privilege, as they were business communications made to employees for a legitimate reason. From there, Plaintiff alleges in the passive voice (thereby hiding the speaker) that "[r]umors of Swindol's termination at Aurora spread and were distorted" and "[e]mployees at American Eurocopter, Swindol's former employer, were lead to believe that Swindol was fired for carrying

---

[4] The applicable privilege involved in this matter is addressed in section V(B)(ii), infra.

14-60779.25

a weapon inside Aurora's office complex." (Compl. ¶ 11). These cursory allegations, which fail to allege who the speaker was, what was actually said, and who heard it, cannot be sufficient to satisfy the pleading requirements of Rule 8(a)(2). Count 2 should be dismissed for this reason alone.

> **(ii)     Count 2 Should Be Dismissed Because Any Defamatory Statements Are Protected By A Qualified Privilege.**

"When analyzing defamation claims, Mississippi courts employ a bifurcated process. First, the Court must determine whether the occasion called for a qualified privilege. If a qualified privilege does exist, the Court must then determine whether the privilege is overcome by malice, bad faith, or abuse." Eckman v. Cooper Tire & Rubber Co., 893 So. 2d 1049, 1052 (Miss. 2009) (citing Garziano v. E.I. Dupont de Nemours & Co., 818 F.2d 380, 386-87 (5th Cir. 1987) (applying Mississippi law)). In Smith v. White, the Supreme Court of Mississippi explained the qualified privilege:

> A communication made in good faith and on a subject matter in which the person making it has an interest, or in reference to which he has a duty, is privileged if made to a person or persons having a corresponding interest or duty, even though it contains matter which without this privilege would be slanderous, provided the statement is made without malice and in good faith.

799 So. 2d 83, 86 (Miss. 2001); see also Benson v. Hall, 339 So.2d 570, 572-73 (Miss. 1976) ("sound business principles demand that an employer, or his representative, should be permitted to discuss freely with an employee charges made against an employee affecting the latter's employment. On such occasions there is a qualified privilege, and statements made within the scope of the privilege, in good faith and without malice, are not actionable"). Id. at 572 (citing Killebrew v. Jackson City Lines, Inc., 225 Miss. 84, 82 So.2d 648 (1955)).

However, "[a] qualified privilege does not protect a defamatory statement where there is excessive publication to persons not within the 'circle' of those people who have a legitimate and

14-60779.26

direct interest in the subject matter of the communication." Eckman, 893 So. 2d at 1053 (citing

Garziano, 818 F.2d at 391-92). Moreover, "[i]f the publication is subject to the qualified

privilege from business communications, liability for defamation may still attach upon a finding

of malice, defined by this Court as 'knowledge of falsity or reckless disregard to as to truth or

falsity.'" 893 So. 2d at 1053 (citing Hayden v. Foryt, 407 So. 2d 535, 536 (Miss. 1981)).

 Nevertheless, the Eckman Court also stated that

> if the defendant honestly believed the plaintiff's conduct to be such as he
> described it, the mere fact that he used strong words in describing it is no
> evidence of malice. [407 So. 2d] at 539. The fact that the expressions are angry
> and intemperate is not enough; the proof must go further and show that they are
> malicious. Id. The plaintiff in a defamation action bears the burden of proving the
> falsity of the statement. Blake v. Gannett Co., 529 So. 2d 595, 602 (Miss. 1988)
> (citing Reaves v. Foster, 200 So. 2d 453 (Miss. 1967)); see Philadelphia
> Newspapers, Inc. v. Hepps, 475 U.S. 767, 776, 106 S. Ct. 1558, 1563, 89 L. Ed.
> 2d 783, 792 (1986).

Eckman, 893 So. 2d at 1053 (emphasis added) (explanatory parenthetical omitted). As the

Mississippi Supreme Court stated in Benson v. Hall:

> When qualified privilege is established, statements or written communications are
> not actionable as slanderous or libelous absent bad faith or malice if the
> communications are limited to those persons who have a legitimate and direct
> interest in the subject matter. The qualified privilege may be likened to a circle
> insofar as its area of protection is concerned. Depending upon the circumstances,
> the circle encloses those people who have a legitimate and direct interest in the
> subject matter of the communication, and publication to them is not actionable.

339 So. 2d at 573.

 The Mississippi Supreme Court had the opportunity to discuss the required showing of

malice in Scott-Burr Stores Corp. v. Edgar, a defamation case involving an assertion of qualified

privilege arising from a business relationship:

> Actual or express malice, as distinguished from malice in law, in its ordinary
> sense denotes ill will, a sentiment of hate or spite, especially when harbored by
> one person towards another, and exists when one with a sedate, deliberate mind
> and formed design injures another, as where the person is actuated by ill will in

what he does and says, with a design to willfully or wantonly injure another. Kneel on Slander and Libel, 4th Ed. § 271 et seq.

….

In Kneel on Slander and Libel, § 292, it is stated that, "If the defendant honestly believed the plaintiff's conduct to be such as he described it, the mere fact that he used strong words in describing it is no evidence of malice. The fact that the expressions are angry and intemperate is not enough; the proof must go further and show that they are malicious."

The following rule is announced in Kneel on Slander and Libel, 3d Ed., § 397: "If the evidence adduced is equally consistent with either the existence or the nonexistence of malice, there can be no recovery, for there is nothing to rebut the presumption which has arisen in favor of the defendant from the privileged communication." Gust v. Montgomery Ward & Co., 229 Mo.App. 371, 80 S.W.2d 286; Rosenberg v. Mason, 157 Va. 215, 160 S.E. 190, 202. In the Rosenberg Case the court in dealing with a privileged occasion, said: "It is not sufficient in a case such as this that the evidence be consistent with the existence of actual malice, or even that it raise a suspicion that the defendant might have been actuated by malice or a doubt as to his good faith. It must affirmatively prove the existence of actual malice, and to do so it must be more consistent with the existence of actual malice than with its nonexistence."

Scott-Burr Stores Corp. v. Edgar, 177 So. 766, 770 & 771-72 (Miss. 1938).

In this case, it is clear that any alleged defamatory statements are protected by a qualified privilege and that Plaintiff has not alleged any facts to support his bare bones allegations of malice. The statements are protected by a qualified privilege because they were made at a "plant-wide meeting" and merely informed the employees that "Swindol was a security risk and instructed them to call 911 if Swindol were seen anywhere near Aurora's premises." (Compl. ¶ 10). Certainly, each and every employee at the plant had a legitimate and direct interest in this information. Moreover, the meeting was held to a sufficiently small circle of people – those who might come into direct contact with Plaintiff, and not expanded to other employees at other Aurora facilities.

14-60779.28

Plaintiff makes one allegation, without factual support, in his Complaint regarding malice. In Paragraph 20 of the Complaint, Plaintiff alleges that

> Aurora acted willfully and maliciously, or with gross disregard of Swindol's rights, evidenced by its treatment of him at the time of his termination, and, specifically, Aurora's highly defamatory remarks concerning him being a "security risk'' or words to that effect, implying or accusing Swindol of having committed a crime, or other words claiming or implying that Swindol was a "dangerous" person not to be permitted on Aurora's premises, and, in fact, if so seen that law enforcement was to be informed, and Aurora, through its agents and employees, in the course and scope of their employment, slandered and defamed Swindol and such acts constitute slander per se.

This conclusory allegation is wholly insufficient to state a claim that Aurora acted with malice. There are no facts alleged in the Complaint that show that Aurora held any ill-will, hate or spite towards Plaintiff. If anything, the allegations in the Complaint reveal an employer concerned about the safety of its employees, not one bent on destroying Plaintiff's reputation in the community. Plaintiff has failed to allege the required malice to overcome the qualified privilege and Count 2 should be dismissed.

## VI.    <u>CONCLUSION.</u>

For the foregoing reasons Defendant Aurora Flight Sciences Corporation respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and grant such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED, this the 30th day of January, 2014.

**AURORA FLIGHT SCIENCES
CORPORATION**

BY:    ***/s R. Bradley Best***_____
         R. Bradley Best, MSB # 10059

14-60779.29

R. Bradley Best, MSB No.: 10059
HOLCOMB, DUNBAR, WATTS, BEST,
MASTERS, & GOLMON, P.A.
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, Mississippi 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552
bradbest@holcombdunbar.com
*Local Counsel for Defendant*

Stephen W. Robinson, Esq.
srobinson@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
(703) 712-5000 (telephone)
(703) 712-5050 (facsimile)
*Counsel for Defendant Aurora Flight Sciences Corporation*
*(Pro Hac Vice Application to be Submitted)*

Nicholas D. SanFilippo, Esq.
nsanfilippo@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
(703) 712-5378 (telephone)
(703) 712-5220 (facsimile)
*Counsel for Defendant Aurora Flight Sciences Corporation*
*(Pro Hac Vice Application to be Submitted)*

14-60779.30

## CERTIFICATE OF SERVICE

I, R. Bradley Best, do hereby certify that I have this day electronically filed Defendant's Memorandum in Support of Motion to Dismiss Plaintiff's Complaint with the Clerk of this Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

**David O. Butts , Jr.**
DAVID O. BUTTS, ATTORNEY
P.O. Box 3310
Tupelo, MS 38803-7244
(662) 841-1234
Email: davidbutts@davidbuttslawfirm.com

This the 30th day of January, 2014.

*/s R. Bradley Best*
R. Bradley Best

15

14-60779.31

**TAB 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
Oxford Division**

**ROBERT SWINDOL**                                                    **PLAINTIFF**

**v.**                                                    **Civil Action No. <u>1:13cv00237-SA-DAS</u>**

**AURORA FLIGHT SCIENCES
CORPORATION**                                                    **DEFENDANT**

**DEFENDANT AURORA FLIGHT SCIENCES CORPORATION'S
REPLY MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendant, Aurora Flight Sciences Corporation, ("Aurora"), pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby submits this Reply Memorandum in Support of its Motion to Dismiss Plaintiff Robert Swindol's ("Plaintiff" or "Swindol") Complaint.

**I.      <u>ARGUMENT.</u>**

Count 1 should be dismissed because Plaintiff's termination was not wrongful and not encompassed by Mississippi's very narrow exception to the employment at-will doctrine. To his credit, Plaintiff appears to concede this point. However, Plaintiff then beseeches the Court to ignore the well-settled constraints of Rule 8 and expand Mississippi substantive law by carving out a new exception from the employment at-will doctrine. The Court should decline to take such drastic action in this case. The Mississippi state legislature provided no private right of action for an alleged violation of Miss. Code § 45-9-55 and – in the almost eight years since that statute was passed – no Mississippi state court has done so either. Moreover, the statute at issue does not invoke the same public policy concerns as those addressed by the existing exception to Mississippi's employment at-will doctrine. Count I should be dismissed with prejudice.

Count 2 should be dismissed because Plaintiff has alleged insufficient facts in support of his claim for defamation to overcome the pleading requirements of Rule 8. Paragraphs 10 and 20 of the Complaint contain little more than bare bones, conclusory allegations that cannot make his claim plausible on its face. Count 2 should also be dismissed because any allegedly defamatory words were spoken to employees of Aurora with a legitimate business interest and are protected by qualified immunity. This is clear from the allegations of the Complaint itself. Plaintiff's Complaint fails to state any claim upon which relief may be granted, and should be dismissed, in its entirety, with prejudice.

> **A.      THE COURT SHOULD DECLINE TO EXPAND THE PUBLIC POLICY EXCEPTION TO THE AT-WILL EMPLOYMENT DOCTRINE TO CARVE OUT AN EXCEPTION FOR EMPLOYEES WHO BRING FIREARMS TO THEIR WORKPLACE.**

As Plaintiff concedes in his brief, Plaintiff's discharge is not actionable under the narrow exception to Mississippi's employment at-will doctrine currently in existence. Opp. at 2-17. Mississippi is an employment at-will state and either the employer or the employee may terminate the employment relationship for any reason at all. McArn v. Allied Bruce-Terminex Co., 626 So. 2d 603, 606 (Miss. 1993). The only exception to this rule, as recognized by the Supreme Court of Mississippi in McArn, permits an employee to bring an action for wrongful discharge if the employee is terminated because he "refuses to participate in an illegal act" or "is discharged for reporting illegal acts of his employer to the employer or anyone else." 626 So. 2d at 607. In doing so, the Supreme Court noted that it was adopting these exceptions merely "[t]o this limited extent." Id.

In adopting these exceptions, the Supreme Court of Mississippi relied on, inter alia, the holding of Laws v. Aetna Finance Co., 667 F. Supp. 342 (N.D. Miss. 1987). However, the situation faced by Judge Davidson in Laws is quite distinct from the situation with which the

14-60779.67

Court is presented in this case.  In <u>Laws</u>, the plaintiff was terminated for refusing to participate in his employer's scheme to add insurance coverage onto loan packages "and through deceptive dealings or practices, neither informing the borrower that the loan repayment schedule includes the cost of insurance nor offering the borrower an opportunity to decline such coverage," a scheme that allegedly would "violate not only the federal Truth-In-Lending Act,  15 U.S.C.A. § 1601 <u>et seq.</u>, but also Mississippi's Small Loan Regulatory Law, § 75-67-101 <u>et seq.</u>, Miss. Code Ann. (1972)." <u>Id.</u> at 343-44.

Judge Davidson described the employer's conduct as alternatively "unsavory and possibly illegal business practices" and "unlawful and unconscionable conduct." <u>Id.</u>  Moreover, Judge Davidson noted that if the Plaintiff was proven to have participated in the scheme, he may have been subject to "civil, 15 U.S.C.A. § 1640, and criminal penalties, 15 U.S.C.A. § 1611." <u>Id.</u> at 344.  Judge Davidson further stated that "[t]he court is not prepared to place itself in the unseemly position of condoning possibly illegal activity on the part of an employer by allowing such activity to stand as grounds for an employee's termination." <u>Id.</u>  It was on these facts that Judge Davidson carved out the public policy exception, holding that "an at-will employee should not be called upon to choose between abiding by the law or forfeiting his employment."  <u>Id.</u> Even in this egregious case, however, Judge Davidson recognized that it was "unfortunate indeed that the matter did not remain before a Mississippi court for resolution" and that it was "not the province of this court to create new law for Mississippi."  <u>Id.</u>

The facts of <u>McArn</u> are also illustrative.  In that case, the plaintiff testified that his supervisor "was making him lie and cheat the customers about their termite treatment," forced him to "falsify his chemical reports that were to go to the State Agricultural Department," "instructed [him] to apply inadequate chemical treatment," and "made him tell the customer the

14-60779.68

job was complete when [the plaintiff] and [the supervisor] both knew the job was not completed." 626 So. 2d at 605. This testimony was corroborated by the testimony of a Department of Agriculture Supervisor who testified that at least three worksites he inspected were not properly treated. Id. It was on these facts that the Supreme Court of Mississippi carved out the very narrow public policy exception to the employment at-will doctrine for refusing to participate, in or reporting, illegal acts.

This case is very different from Laws and McArn in a number of ways. First, unlike the plaintiffs in those two cases, Swindol was not placed in the dilemma of choosing between committing a crime or losing his employment. Rather, Swindol could have chosen to simply leave his firearm at home or locked in his vehicle out of sight (rather than on the front passenger seat), thereby violating neither the law nor Aurora workplace policy. Second, there can be no allegation in this case that Aurora engaged in any unsavory, unconscionable or illegal conduct. Rather, Aurora acted out of concern for the safety of its employees to remove a potential security threat from its premises.

This Court also should decline to expand the public policy exception to the at-will doctrine because Mississippi Code Section 45-9-55 contains no private right of action. If the legislature of Mississippi had intended to provide a private right of action for a violation of this Code section, they possessed both the opportunity and wherewithal to do so. Instead, in their wisdom, they did not. It is not for this Court to engraft upon that Code Section a private right of action. See Kelly v. Miss. Valley Gas Co., 397 So. 2d 874, 876 (Miss. 1981). As the Supreme Court of Mississippi reiterated in Kelly:

> The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would be intrenching [sic] upon the power of the legislature. Neither have the courts authority to write into the statute something which the legislature did not itself write therein, nor can they

4

ingraft [sic] upon it any exception not done by the lawmaking department of the government. Whenever the judiciary shall undertake to violate these rules - indeed, we may say maxims - then it is guilty of usurpation in its most obnoxious form; and the courts dare not do this lest they destroy their own usefulness and power.

Id. (quoting Hamner v. Lumber Co., 56 So. 466, 490 (Miss. 1911)) (brackets added). Plaintiff's case simply does not present so compelling a case to warrant so significant a departure from this age old maxim.

In this case, Plaintiff's allegations do not fall under the McArn exception to the employment at will doctrine and do not present the type of compelling dilemma for employees that would necessitate taking so drastic a step as to engraft onto Mississippi Code Section 45-9-55 a private right of action for wrongful termination. Mississippi public policy simply does not require granting an employee who maintains a firearm in plain sight on his employer's property the right to a wrongful termination action when his employer terminates him as a result. Count 1 should be dismissed with prejudice.

### B. COUNT 2 SHOULD BE DISMISSED WITH PREJUDICE.

Count 2 should be dismissed with prejudice. Plaintiff has failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and any alleged defamatory statement is protected by a qualified privilege that Plaintiff is unable to overcome.

### (i) Count 2 Does Not State Claim That Is Plausible On Its Face.

Count 2 alleges no false and defamatory statement or unprivileged publication and does not allege who defamed him. Plaintiff attempts to argue that he has met his burden by citing Paragraphs 10 and 20 of the Complaint. The allegations contained in these Paragraphs fall woefully short of satisfying Rule 8's pleading requirement.

Plaintiff argues that Paragraph 10 satisfies the pleading requirements of Rule 8 because it alleges that a "human resources manager arranged a plant-wide meeting and informed all other Aurora employees that Swindol was a security risk and instructed them to call 911 if Swindol were seen anywhere near Aurora's premises."  Compl. ¶ 10.  Putting aside the fact that this allegation does not identify who the "human resource manager" doing the speaking is alleged to be, this statement simply cannot be defamatory.  It was not even a false statement.  Swindol was known to be in possession of a firearm, which he had brought to work and left in plain sight on the front seat of his vehicle for the world to see and had also just been terminated from his position with Aurora.  As such, he posed, at the time the statement was made, a risk to the security of the facility.  There is no demonstrably false aspect to this statement and Count 2 should be dismissed for this reason alone.

Plaintiff goes even further, however, and argues that this statement is defamatory per se. Plaintiff is mistaken.  First, Plaintiff's citation to Swengler v. ITT Corp. Electro-Optical Prods. Div., 993 F.2d 1063, 1070-71 (4th Cir. 1993), is neither controlling nor persuasive, as it merely states the law of Virginia, not Mississippi.  As such, whether the statement prejudiced Swindol in his profession or trade is irrelevant, as Mississippi does not recognize this language as defamation per se.  See Phillips Brothers, LP v. Winstead, 129 So. 3d 906, 929 (Miss. 2004).  In Phillips, the Supreme Court of Mississippi held that statements actionable per se are:

> (1) Words imputing the guilt or commission of some criminal offense involving moral turpitude and infamous punishment. (2) Words imputing the existence of some contagious disease. (3) Words imputing unfitness in an officer who holds an office of profit or emolument, either in respect of morals or inability to discharge the duties thereof. (4) Words imputing a want of integrity or capacity, whether mental or pecuniary, in the conduct of a profession, trade or business; and in this and some other jurisdictions (5) words imputing to a female a want of chastity.

Id.

6

Plaintiff argues that the "security risk" statement falls under the first and/or fourth category. Again, Plaintiff is mistaken. It is increasingly difficult in our pluralistic society to define what a crime of moral turpitude and infamous punishment is, but this much is clear – being a mere <u>risk</u> to security is not a crime of moral turpitude and infamous punishment. It is not even a crime. Therefore, it cannot fall under the first category of statements actionable as defamation <u>per</u> <u>se</u>. This is unaffected by the allegation that the human resource manager allegedly told other employees to call 911 if Swindol was seen near Aurora premises, as it is clear from the face of the Complaint that this was to be done as a precaution. Plaintiff does not – and cannot – allege defamatory words imputing the <u>guilt or commission</u> of a criminal offense involving moral turpitude and infamous punishment.

The "security risk" statement also did not impute a want of integrity or capacity, whether mental or pecuniary, in the conduct of a profession, trade or business. Rather, it simply expressed precautionary concern that Swindol may pose some unspecified risk to Aurora's employees separate and apart from his profession, business or trade. The "security risk" statement was not defamation <u>per</u> <u>se</u> under the law of Mississippi. Count 2 fails to state a claim and should be dismissed with prejudice.

> **(ii)    The Complaint Alleges Facts Establishing The Allegedly Defamatory Statements Were Protected By A Qualified Privilege.**

Plaintiff argues that "a complaint cannot be dismissed for failing to negate a possible (or even likely), affirmative defense unless [the complaint] alleges facts that establish that the defendant has an affirmative defense." Opp. at 20. Unfortunately for Plaintiff, his Complaint alleges sufficient facts to establish that any allegedly defamatory statement was protected by a qualified privilege. As the Supreme Court of Mississippi explained in <u>Smith v. White</u>:

14-60779.72

> A communication made in good faith and on a subject matter in which the person making it has an interest, or in reference to which he has a duty, is privileged if made to a person or persons having a corresponding interest or duty, even though it contains matter which without this privilege would be slanderous, provided the statement is made without malice and in good faith.

799 So. 2d 83, 86 (Miss. 2001). It is clear that any alleged defamatory statements are protected by a qualified privilege. They are alleged to have been made by an Aurora employee to Aurora employees, regarding a subject matter in which they all shared a legitimate interest – their safety.

Plaintiff attempts to overcome the privilege and the fact that he has included woefully insufficient allegations of malice by arguing that the only reason that the human resource manager allegedly possessed to label Swindol a security risk was the firearm he had in plain sight on the front seat of his vehicle. Aurora submits that this is simply not enough to overcome the privilege. As the Supreme Court of Mississippi stated in <u>Scott-Burr Stores Corp. v. Edgar</u>:

> Actual or express malice, as distinguished from malice in law, in its ordinary sense denotes ill will, a sentiment of hate or spite, especially when harbored by one person towards another, and exists when one with a sedate, deliberate mind and formed design injures another, as where the person is actuated by ill will in what he does and says, with a design to willfully or wantonly injure another.

177 So. 766, 770 (1938). Notably absent from this case is any indication that the unnamed "human resource manager" was actuated by any ill will, hate or spite toward Plaintiff. As such, Count 2 should be dismissed with prejudice.

## II.  <u>CONCLUSION.</u>

For the foregoing reasons and the reasons stated in its previously filed Memorandum in Support of its Motion to Dismiss the Complaint, Defendant Aurora Flight Sciences Corporation respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 3rd day of March, 2014.

8

**AURORA FLIGHT SCIENCES
CORPORATION, Defendant**

By: */s/ R. Bradley Best*
R. Bradley Best, MSB No.: 10059

*R. Bradley Best*
HOLCOMB, DUNBAR, WATTS, BEST,
MASTERS, & GOLMON, P.A.
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, Mississippi 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552
**bradbest@holcombdunbar.com**

Stephen W. Robinson, Esq.
srobinson@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
(703) 712-5000 (telephone)
(703) 712-5050 (facsimile)
*Counsel for Defendant Aurora Flight Sciences
Corporation, (Pro Hac Vice Application to be
Submitted)*

Nicholas D. SanFilippo, Esq.
nsanfilippo@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
(703) 712-5378 (telephone)
(703) 712-5220 (facsimile)
*Counsel for Defendant Aurora Flight Sciences
Corporation, (Pro Hac Vice Application to be
Submitted)*

9

14-60779.74

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the above and foregoing Defendant's Reply in Support of Motion to Dismiss with the Clerk of this Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

> **David O. Butts , Jr.**
> DAVID O. BUTTS, ATTORNEY
> P.O. Box 3310
> Tupelo, MS 38803-7244
> (662) 841-1234
> Email: davidbutts@davidbuttslawfirm.com

This the 3rd day of March, 2014.

*/s R. Bradley Best*
R. Bradley Best

10

**TAB 3**

# <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that he caused the foregoing Record Excerpts of Defendant-Appellee Aurora Flight Sciences Corporation to be filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit on March 11, 2015 by using the appellate CM/ECF system, which will send notice of the filing to counsel for appellants, who is a registered CM/ECF user:

> David O. Butts, Esq.
> Renasant Center, Suite 110
> 398 East Main Street
> Tupelo, MS 38804
> Tel: (662) 841-1234
> Fax: (662) 841-0357
> davidbutts@davidbuttslawfirm.com
> *Counsel for Plaintiff-Appellant, Robert Swindol*

March 11, 2015

>   s/ *Stephen W. Robinson*
> STEPHEN W. ROBINSON, ESQ.
> srobinson@mcguirewoods.com
> MCGUIREWOODS LLP
> 1750 Tysons Boulevard, Suite 1800
> Tysons Corner, Virginia 22102
> (703) 712-5000 (telephone)
> (703) 712-5050 (facsimile)
>
> *Counsel for Defendant-Appellee*
> *Aurora Flight Sciences Corporation*