CASE NO. 14-60779
UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

ROBERT SWINDOL, Plaintiff-Appellant

VERSUS

AURORA FLIGHT SCIENCES CORPORATION, Defendant-Appellee

On Appeal from the United States District Court
for the Northern District of Mississippi

APPELLANT'S RECORD EXCERPTS

Respectfully submitted,

David O. Butts #7642

Renasant Center, Suite 110
398 East Main Street
Tupelo, MS 38804
Tel: (662) 841-1234
Fax: (662) 841-0357
davidbutts@davidbuttslawfirm.com
Appeal Counsel for
Plaintiff-Appellant,
Robert Swindol

# TABLE OF CONTENTS

**Tab**

Docket Sheet, *Swindol v. Aurora Flight Sciences Corp.*, No. 1:13cv00237 (N.D. Miss.)...............................................................................................................1

Complaint (ROA. 1-6)...........................................................................................2

Defendant's Motion to Dismiss (ROA. 11-12).....................................................3

Plaintiff's Response to Motion to Dismiss (ROA. 36-38)......................................4

Order (ROA. 96).....................................................................................................5

Memorandum Opinion (ROA. 97-107)...................................................................6

Notice of appeal (ROA. 108)..................................................................................7

Certificate of service.............................................................................................8

**TAB 1**

# U.S. District Court
## Northern District of Mississippi (Aberdeen Division)
## CIVIL DOCKET FOR CASE #: 1:13-cv-00237-SA-DAS
## Internal Use Only

Swindol v. Aurora Flight Sciences Corporation
Assigned to: District Judge Sharion Aycock
Referred to: Magistrate Judge David A. Sanders
Cause: 28:1332 Diversity-Libel,Assault,Slander

Date Filed: 12/16/2013
Date Terminated: 09/30/2014
Jury Demand: Plaintiff
Nature of Suit: 320 Assault Libel & Slander
Jurisdiction: Diversity

**Plaintiff**

**Robert Swindol**

represented by **David O. Butts , Jr.**
DAVID O. BUTTS, ATTORNEY
P.O. Box 3310
Tupelo, MS 38803-7244
(662) 841-1234
Email: davidbutts@davidbuttslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Aurora Flight Sciences Corporation**

represented by **Nicholas D. SanFilippo**
MCGUIRE WOODS LLP
1750 Tysons Blvd
Suite 1800
Tysons Corner, VA 22102
703-712-5378
Fax: 703-712-5220
Email: nsanfilippo@mcguirewoods.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen W. Robinson**
MCGUIRE WOODS LLP
1750 Tysons Blvd
Suite 1800
Tysons Corner, VA 22102
703-712-5469
Fax: 703-712-5258
Email: srobinson@mcguirewoods.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brad Best**

HOLCOMB DUNBAR
P.O. Box 707
Oxford, MS 38655-0707
(662) 234-8775
Fax: (662) 238-7552
Email: bradbest@holcombdunbar.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/16/2013 | 1 (p.4) | COMPLAINT, Jury Demand, Filing fee $ 400, receipt number MSN100001795, filed by Robert Swindol. (Attachments: # 1 (p.4) Civil Cover Sheet) (dlh) |
| 12/16/2013 | 2 (p.11) | Summons Issued as to Aurora Flight Sciences Corporation. (dlh) |
| 12/16/2013 |  | NOTICE OF ASSIGNMENT. Case assigned to Judge Aycock and Magistrate Judge Sanders. (dlh) |
| 01/13/2014 | 3 (p.12) | SUMMONS Returned Executed by David O. Butts, Jr on behalf of Robert Swindol Aurora Flight Sciences Corporation served on 1/9/2014. (Butts, David) |
| 01/30/2014 | 4 (p.14) | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Aurora Flight Sciences Corporation. (Best, Brad) |
| 01/30/2014 | 5 (p.17) | MEMORANDUM IN SUPPORT re 4 (p.14) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . (Best, Brad) |
| 01/30/2014 | 6 (p.32) | CORPORATE STATEMENT *by Aurora Flight Sciences Corporation.* (Best, Brad) |
| 02/10/2014 | 7 (p.34) | MOTION for Extension of Time to file Response/Reply re 4 (p.14) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Robert Swindol. (Butts, David) Modified on 2/12/2014 (jlm). Modified on 2/12/2014 (jlm). |
| 02/12/2014 | 8 (p.36) | INITIAL ORDER - RULE 16.1: Telephonic Case Management Conference set for 4/18/2014 at 09:30 AM in Judge Sanders Chambers before Mag. Judge David A. Sanders. Signed by Mag. Judge David A. Sanders on 2/12/2014. (egs) |
| 02/12/2014 |  | (Court only) Motions No Longer Referred: 7 (p.34) MOTION for Extension of Time to File Response/Reply (jlm) |
| 02/13/2014 |  | TEXT ORDER granting unopposed 7 (p.34) Motion for Extension of Time to File Response/Reply re 4 (p.14) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . Responses due by 2/24/2014. Replies due by 3/3/2014. Signed by District Judge Sharion Aycock on 2/13/2014. No further order shall issue from the Court. (bkl) (no document attached) |
| 02/24/2014 | 9 (p.39) | RESPONSE in Opposition re 4 (p.14) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Robert Swindol. (Butts, David) |
| 02/24/2014 | 10 (p.43) | MEMORANDUM IN SUPPORT re 9 (p.39) Response in Opposition to 4 (p.14) Motion *to Dismiss Complaint.* (Butts, David) Modified on 2/24/2014 (dlh). |
| 03/03/2014 | 11 (p.66) | REPLY to Response to Motion re 4 (p.14) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Aurora Flight Sciences Corporation. (Best, Brad) |
| 03/26/2014 | 12 (p.76) | NOTICE of Telephonic Case Management Conference reset for 4/21/2014 at 11:00 AM in Judge Sanders Chambers before Mag. Judge David A. Sanders. (egs) |

| 03/28/2014 | 13 (p.77) | Joint MOTION to Stay *Discovery Proceedings* by Aurora Flight Sciences Corporation. (Best, Brad) |
|---|---|---|
| 03/28/2014 | 14 (p.81) | MOTION to Appear Pro Hac Vice ; Attorney Stephen W. Robinson, by Aurora Flight Sciences Corporation. (Best, Brad) |
| 03/28/2014 | 15 (p.89) | MOTION to Appear Pro Hac Vice ; Attorney Nicholas D. SanFilippo, by Aurora Flight Sciences Corporation. (Best, Brad) |
| 04/01/2014 | 16 (p.96) | ORDER granting 13 (p.77) Motion to Stay Discovery. Signed by U.S. Magistrate Judge David A. Sanders on 4/1/14. (def) |
| 04/01/2014 | | (Court only) ***Set/Clear Flags (def) |
| 04/09/2014 | | (Court only) ***Staff notes; contacted Atty Best re pro hac fees, checked mailed in on 3/31/14 (jlm) |
| 04/11/2014 | | Pro Hac Vice Fee Paid : $ $200, receipt number MSN100001910; Fee for Nicholas SanFilippo and Stephen Robinson. (cr) |
| 04/17/2014 | | (Court only) ***Deadlines terminated. (jkj) |
| 04/17/2014 | 17 (p.97) | ORDER granting 14 (p.81) 15 (p.89) Motions to Appear Pro Hac Vice; Attorney Stephen N. Robinson and Nicholas D. SanFilippo for the defendant. Signed by U.S. Magistrate Judge David A. Sanders on 4/17/14. (def) Modified on 4/17/2014 (jlm). |
| 04/17/2014 | | (Court only) ***Attorney Stephen W. Robinson,Nicholas D. SanFilippo for Aurora Flight Sciences Corporation added. (jlm) |
| 09/30/2014 | 18 (p.99) | ORDER granting 4 (p.14) Motion to Dismiss for Failure to State a Claim. Signed by District Judge Sharion Aycock on 9/30/2014. (bkl) |
| 09/30/2014 | 19 (p.100) | MEMORANDUM OPINION re 18 (p.99) Order on Motion to Dismiss for Failure to State a Claim. Signed by District Judge Sharion Aycock on 9/30/2014. (bkl) |
| 09/30/2014 | | (Court only) ***Civil Case Terminated. CASE CLOSED. (jlm) (Entered: 10/01/2014) |
| 10/28/2014 | 20 (p.111) | NOTICE OF APPEAL as to 18 (p.99) Order on Motion to Dismiss for Failure to State a Claim by David O. Butts, Jr on behalf of Robert Swindol. Filing fee $ 505, receipt number 0537-1161544. Appeal Record due by 11/12/2014. (Butts, David) |
| 10/29/2014 | | (Court only) ***Staff notes; Appeal by JMalone (jlm) |

**TAB 2**

**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
ABERDEEN ~~EASTERN~~ DIVISION

DEC 16 2013

DAVID CREWS, CLERK
BY⊠ Fousta
Deputy

**ROBERT SWINDOL**                                                    **PLAINTIFF**

**V.**                              CASE NO. __1:13 CV 237· A -S__
                                         **(JURY TRIAL DEMANDED)**

**AURORA FLIGHT SCIENCES CORPORATION**                     **DEFENDANT**

## COMPLAINT

**COMES NOW** the Plaintiff, Robert Swindol, by and through his counsel, and in support
of this civil action he would respectfully show:

### PARTIES

1. Plaintiff, Robert Swindoll (hereafter "Swindol") is an adult resident citizen of Clay
County, Mississippi.

2. Defendant, Aurora Flight Sciences Corporation (hereafter "Aurora") is a foreign
corporation, organized and existing under the laws of the State of Delaware, qualified to do and
doing business in the State of Mississippi, whose registered agent for service of process is C T
Corporation System, 645 Lakeland East Drive, Flowood, MS 39232.

### JURISDICTION

3. The Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. §
1332 (a) (1), as the parties are residents of different states and the amount in controversy exceeds
the sum of $75,000.00 exclusive of interest and costs.

### VENUE

-1-

4. Pursuant to the provisions of 28 U.S.C. § 1391(b) and (2), venue is proper in the Northern District of Mississippi, Aberdeen Division, as the events giving rise to the causes of action set forth hereafter occurred in said District and Division.

## FACTS

5. Aurora owns and operates a facility in Columbus, Lowndes County, Mississippi which fabricates and performs final assembly of composite areostructures for defense and commercial areospace customers.

6. In 2010 Aurora hired Swindol as a mechanical assembler and painter. Swindol had significant previous experience in this area as he had been trained extensively in the U.S. Marine Corps in maintaining heavy equipment and diesel engines, as well as small aircraft repair with a primary focus on fiberglass repair and paint operations. After his honorable discharge from the Marine Corps, Swindol pursued a career as a technician in aeronautics, first being hired by Integrated Dynamics as an electro-mechanical technician, receiving training in that company's robotic and vibration dampening systems. Thereafter, Swindol was hired by American Eurocopter in Columbus, Mississippi, writing procedures and delivering training in chemical conversions of sheet metals, priming and painting of composite and sheet metal assemblies, various forms of mechanical and solid riveting, heat treatment of various grades of aircraft-grade aluminum alloys , and bonding of composites and dissimilar materials. From Eurocopter, as stated previously, Swindol was hired by Aurora.

7. On or about May 31, 2013, Swindol was fired from his employment with Aurora. The ostensible reason for his firing was violation of Aurora company policy for bringing a firearm on the Aurora premises. In fact, Swindol had a firearm in his locked vehicle parked in the Aurora

-2-

parking lot which was an open area without any restrictions to access by the public. Pursuant to the provisions of Miss. Code Ann. § 97-37-1, Swindol was entitled to possess and transport in his vehicle a weapon and, pursuant to the provisions of Miss. Code Ann. § 49-5-55, Swindol's employer, Aurora, is and was prohibited from establishing, maintaining, or enforcing any policy or rule that has the effect of prohibiting a person from transporting or storing a firearm in a locked vehicle in any parking lot, parking garage, or other designated parking area, unless, in the case of a private employer, such as Aurora, access to such parking area is restricted or limited through the use of a gate, security station or other means of restricting or limiting general public access onto the property, which Aurora's parking area was not. Aurora, by promulgating, establishing, maintaining and enforcing its policy disallowing firearms in locked vehicles in its parking area violated Mississippi state law, as cited above.

8. The circumstances surrounding Swindol's firing were that a co-worker informed Swindol that the human resources manager and another employee were taking photographs of the interior of Swindol's truck. At least three Lowndes County deputy sheriff's were present. Thereafter, Swindol's supervisor directed Swindol to a conference room. Present in the conference room were Swindol's supervisor, the human resources manager and the acting general manager. The Lowndes County deputy sheriffs remained outside the room, as though guarding Swindol, and could hear the proceedings in the conference room. Only the human resources manager spoke at this meeting. She informed Swindol that it was apparent he no longer was interested in working at Aurora and that he was being terminated. The human resources manager informed Swindol that he would not be allowed to retrieve his personal belongings and that he would be arrested if ever came on Aurora's property again.

-3-

14-60779.6

9. At the conclusion of the meeting, the sheriff's deputies escorted Swindol to his car and insured that he left the Aurora premises.

10. Thereafter, the Aurora human resource manager arranged a plant-wide meeting and informed all other Aurora employees that Swindol was a security risk and instructed them to call 911 if Swindol were seen anywhere near Aurora's premises. The human resource manager also advised the employees present that if they failed to notify law enforcement of Swindol's presence near the plant their jobs would be at risk also.

11. Rumors of Swindol's termination at Aurora spread and were distorted. Employees at American Eurocopter, Swindol's former employer, were lead to believe that Swindol was fired for carrying a weapon inside Aurora's office complex. Such rumors even spread to Eurocopter's Texas facility.

12. Swindol has diligently sought to find gainful employment in his field, without success. On information and belief, Aurora's incendiary allegations have tainted his professional reputation and done permanent damage to his employability in his chosen field.

13. Adding insult to injury, Swindol has never been able to regain possession of his personal belongings he was required to leave on Aurora's premises.

## COUNT 1: WRONGFUL DISCHARGE

14. Swindol was employed as a mechanical assembler and painter with Aurora for over three years, prior to his discharge on or about May 31, 2013.

15. Aurora terminated Swindol's employment by reason of his exercise of rights granted to him under Mississippi law. Aurora's termination of Swindol in retaliation for his involvement in protected activity is unlawful and contrary to the policies of the State of Mississippi.

-4-

16. Aurora further acted willfully and maliciously with respect to his termination and treatment of him on the date of his firing as evidenced by its illegal basis for termination and its highly defamatory plant-wide meeting in which he was declared a "security risk" (i.e., an inherently dangerous person) and such has ruined his professional reputation and employability in his field in the defense industry.

17. As a direct and proximate result of his wrongful discharge, Swindol has incurred, and will incur, loss of income, fringe benefits, and other valuable job rights, and suffered irreparable damage to his professional reputation in the aerospace industry.

18. Aurora's actions, by and through its duly authorized employees, acting within the course and scope of their employment was willful, intentional, or constituted such gross negligence and disregard of Swindol's rights as to justify imposition of punitive damages against Aurora.

## COUNT 2: DEFAMATION–SLANDER PER SE

19. Swindol realleges the facts set forth in paragraphs 5 through 18 set forth above.

20. Aurora acted willfully and maliciously, or with gross disregard of Swindol's rights, evidenced by its treatment of him at the time of his termination, and, specifically, Aurora's highly defamatory remarks concerning him being a "security risk" or words to that effect, implying or accusing Swindol of having committed a crime, or other words claiming or implying that Swindol was a "dangerous" person not to be permitted on Aurora's premises, and, in fact, if so seen that law enforcement was to be informed, and Aurora, through its agents and employees, in the course and scope of their employment, slandered and defamed Swindol and such acts constitute slander *per se*.

-5-

14-60779.8

21. As a direct and proximate result of Aurora's slanderous remarks and actions, Swindol has been defamed and damaged in his professional reputation and he has incurred loss of income, future loss of income, employer resistance in the aerospace industry to employ him, and mental and emotional distress and anguish.

22. The acts of Aurora were such that Swindol is entitled to an award of actual, compensatory, consequential and punitive damages against Aurora.

**PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant in a sum exceeding the minimum jurisdictional limits of this Court, prejudgment interest, interest after judgment, attorney's fees and expenses of this action and all costs of court.

Respectfully submitted,

David O. Butts, MB #7642
Attorney for Plaintiff
Post Office Box 3310
Tupelo, MS 38803
Tel: (662) 841-1234
Fax: (662) 841-0357
Email: davidbutts@davidbuttslawfirm.com

-6-

14-60779.9

**TAB 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
Oxford Division

**ROBERT SWINDOL**                                                              **PLAINTIFF**

v.                                                        Civil Action No. **1:13cv00237-SA-DAS**

**AURORA FLIGHT SCIENCES
CORPORATION**                                                              **DEFENDANT**

**DEFENDANT AURORA FLIGHT SCIENCES CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Defendant, Aurora Flight Sciences Corporation ("Aurora"), pursuant to Rules 8 and
12(b)(6) of the Federal Rules of Civil Procedure hereby moves this Court to dismiss the
Complaint of Plaintiff, Robert Swindol, in its entirety, with prejudice. In support thereof, Aurora
states as follows:

1.       Count 1 should be dismissed with prejudice because Plaintiff cannot state a claim
for relief against Aurora for wrongful termination. The termination of Plaintiff's employment
with Aurora was lawful because his employment was at-will and the termination did not violate
Mississippi public policy such that it would fall into the very narrow exception to the
employment at-will doctrine.

2.       Count 2 should be dismissed because Plaintiff has failed to comply with the
pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's conclusory
and formulaic allegations of defamation fail to state a plausible claim upon which relief may be
granted.

3.       Count 2 should be dismissed because every alleged defamatory statement
described in the Complaint is protected by a qualified privilege and Plaintiff has not pled any
facts supporting his allegation that the statements were made with malice, bad faith, or abuse.

In further support, of this Motion to Dismiss Aurora submits its Memorandum of Points and Authorities in Support of their Motion to Dismiss Plaintiff's Complaint.

RESPECTFULLY SUBMITTED, this the 30th day of January, 2014.

**AURORA FLIGHT SCIENCES
CORPORATION**

BY: */s R. Bradley Best*
R. Bradley Best, MSB # 10059


R. Bradley Best, MSB No.: 10059
HOLCOMB, DUNBAR, WATTS, BEST,
MASTERS, & GOLMON, P.A.
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, Mississippi 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552

Stephen W. Robinson, Esq.
srobinson@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
(703) 712-5000 (telephone)
(703) 712-5050 (facsimile)
*Counsel for Defendant Aurora Flight Sciences Corporation*
*(Pro Hac Vice Application to be Submitted)*

Nicholas D. SanFilippo, Esq.
nsanfilippo@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
(703) 712-5378 (telephone)
(703) 712-5220 (facsimile)
*Counsel for Defendant Aurora Flight Sciences Corporation*
*(Pro Hac Vice Application to be Submitted)*

2

TAB 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBERT SWINDOL                                              PLAINTIFF

V.                                          CASE NO. 1:13-cv-00237-SA-DAS

AURORA FLIGHT SCIENCES CORPORATION
DEFENDANT

PLAINTIFF ROBERT SWINDOL'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff, Robert Swindol, through counsel and in response to

Defendant Aurora Flight Sciences Corporation's Motion to Dismiss Plaintiff's

Complaint, files this response and respectfully suggests to this Court that Defendant's

motion is not well taken and should be denied. In support thereof, Plaintiff would show

unto this Court the following, to wit:

1.      Count 1 should not be dismissed because Plaintiff has stated a plausible

claim for relief against Aurora for wrongful termination. Aurora's grounds for dismissal

rest solely on Mississippi's employment-at-will doctrine. However, Mississippi's

employment-at-will doctrine is not absolute. Because this doctrine is judicially

promulgated, the power to amend the employment-at-will doctrine is vested in the

judiciary. Using this inherent power, the Mississippi Supreme Court has already created

two public policy exceptions to this once impregnable doctrine. As Plaintiff is asking for

a non-frivolous addition to the existing exceptions, and because this exception will

further a substantial public policy interest of Mississippi, Plaintiff requests that Aurora's

Motion to Dismiss Count 1 be denied.

2.      Count 2 should not be dismissed because Plaintiff has complied with the

14-60779.39

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In its Motion to Dismiss, Aurora argues that Plaintiff has only alleged "conclusory and formulaic allegations of defamation" that do not state a claim upon which relief may be granted. However, in his Complaint, Plaintiff has stated sufficient factual bases for each element constituting Mississippi's common law cause of action for defamation, making his claim for relief plausible on its face. As such, Plaintiff has pleaded such facts that allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.

3. Count 2 should not be dismissed on the basis of Aurora's affirmative "qualified privilege" defense. The Plaintiff does not need to anticipate affirmative defenses in the complaint. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012), petition for cert. filed, 81 U.S.L.W. 3128 (U.S. Sept. 8, 2012); *Frame v. City of Arlington*, 657 F.3d 215, 239–40 (5th Cir. 2011), cert. denied, 132 S. Ct. 1561, 182 L. Ed. 2d 168 (2012); *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010), cert. denied, 132 S. Ct. 498 (2011); *Davis v. Indiana State Police*, 541 F.3d 760, 763, 104 Fair Empl. Prac. Cas. (BNA) 347, 91 Empl. Prac. Dec. (CCH) P 43316 (7th Cir. 2008); *Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). Citing *Franklin v. Thompson*, Aurora argues that Plaintiff, in order to establish Mississippi's elements for defamation, must show an *"unprivileged* publication to a third party." 722 So. 2d 688, 692 (Miss. 1998) (emphasis added). Even if Plaintiff is required to allege factual bases tending to destroy Aurora's qualified privilege at this stage, Plaintiff has satisfied this requisite. Aurora's Memorandum only mentions "actual malice" in passing and places great emphasis on "malice in law," which requires a showing of ill will or sentiments of

2

hate or spite. Emphasizing this higher standard, Aurora cites to a 1938 case where a store manager sought to invoke the qualified privilege for his interactions with a suspected shoplifter. *See Scott-Bur Stores Corp. v. Edgar*, 177 So. 766 (Miss. 1938). However, in a case also cited by Aurora, the Mississippi Supreme Court held, "If the publication is subject to the qualified privilege from business communications, liability for defamation may still attach upon a finding of malice, *defined by this Court as 'knowledge of falsity or reckless disregard to as to* (sic) *truth or falsity.'*" *Eckman v. Cooper Tire & Rubber Co.*, 893 So. 2d 1049, 1053 (Miss. 2005)(emphasis added). Plaintiff alleges the human resources manager held a plant-wide meeting and declared Plaintiff to be a "security risk" and directed those in attendance to call 911 if ever Plaintiff was seen on Aurora's property again. Clearly this statement was made with knowledge of its falsity, or at the very least, in reckless disregard as to its truth or falsity. This statement was based solely on the fact that Plaintiff had been exercising his right, as defined by the Mississippi Legislature, to have a firearm locked in his vehicle parked in Aurora's generally accessible parking lot. Aurora has offered no other grounds for this defamatory statement. As the Mississippi Legislature has decided to protect this right by making it unlawful for employers to prohibit such, surely exercising this right does not make one a "security risk," especially not one so dangerous as to warrant an "on sight" policy to make an emergency phone call to the authorities.

In further support of this Response to Defendant Aurora Flight Sciences Corporation's Motion to Dismiss Plaintiff's Complaint, Plaintiff submits his Memorandum Brief in Support of Plaintiff's Response to Defendant's Motion to Dismiss.

3

**TAB 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBERT SWINDOL                                                          PLAINTIFF

V.                                                CIVIL ACTION NO. 1:13-CV-00237-SA-DAS

AURORA FLIGHT SCIENCES
CORPORATION                                                            DEFENDANT

ORDER

Pursuant to a Memorandum Opinion issued this day, Defendant's Motion to Dismiss

Plaintiff's Complaint [4] is GRANTED. Plaintiff has failed to state a claim upon which relief

may be granted. Accordingly, Plaintiff's claim for wrongful discharge is dismissed with

prejudice. However, Plaintiff's claim for defamation is dismissed without prejudice.

SO ORDERED on this, the 30th day of September, 2014.

                                            /s/ Sharion Aycock
                                            UNITED STATES DISTRICT JUDGE

14-60779.99

**TAB 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBERT SWINDOL                                                                  PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:13-CV-00237-SA-DAS

AURORA FLIGHT SCIENCES
CORPORATION                                                                     DEFENDANT

MEMORANDUM OPINION

This cause comes before the Court on Defendant's Motion to Dismiss Plaintiff's
Complaint [4]. Upon due consideration of the motion, responses, rules, and authorities, the
Court finds as follows:

*Factual and Procedural Background*

Plaintiff Robert Swindol brings this diversity action against his previous employer,
Aurora Flight Sciences Corporation ("Aurora"), alleging wrongful discharge and
defamation/slander per se under Mississippi law based upon the termination of his employment.
Swindol alleges that on May 31, 2013 he was terminated for having a firearm inside his locked
vehicle on Aurora property. Swindol was told that he would be arrested if he returned to
Aurora's property and was escorted from the premises by Lowndes County, Mississippi sheriff's
deputies. Swindol further alleges that the human resources manager, during a subsequent plant-
wide meeting, informed all Aurora employees that Swindol was a security risk and instructed
them to call 911 if Swindol was seen anywhere near the premises or risk their own employment.

Swindol filed suit in this Court alleging that he was wrongfully terminated in violation of
public policy and that he suffered damages as a result of Aurora's defamatory statements.
Aurora has filed a Motion to Dismiss, contending that Swindol has failed to state a claim upon
which relief can be granted. Aurora argues that Swindol's allegations do not fit within any

recognized exception to Mississippi's employment at-will doctrine, that Swindol has failed to allege sufficient facts to support his claim for defamation/slander per se, and that Aurora is protected from Swindol's defamation/slander per se claim by a qualified privilege. Swindol has responded to Aurora's motion, and these issues are now ripe for the Court's review.

*Motion to Dismiss Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'' Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., 129 S. Ct. 1937.

A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U .S. Unwired, Inc., 565 F.3d 228, 232–33 (5th Cir. 2009). However, a court is not bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678–79, 129 S. Ct. 1937. A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. Id., 129 S. Ct. 1937. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. Twombly, 550 U.S. at 555, 127 S. Ct. 1955. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. Lormand, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. Twombly, 550 U.S. at 555, 127 S. Ct. 1955.

2

Additionally, an otherwise plausible claim to relief can still fail if it contains a "built-in-defense" so that the complaint is "essentially self-defeating." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004). In other words, a court may dismiss under Rule 12(b)(6) "[w]hen a successful affirmative defense appears on the face of the pleadings . . . ." Miller v. BAC Home Loans Servicing L.P., 726 F.3d 717, 725–26 (5th Cir. 2013) (quoting Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994)). This type of dismissal is routine practice within the context of statutes of limitations, see e.g., Newman v. Coffin, 464 F. App'x 359, 362–63 (5th Cir. 2012), and qualified immunity. See e.g., Rios v. City of Del Rio, Tex., 444 F.3d 417, 423–27 (5th Cir. 2006). This Court has even dismissed under 12(b)(6) based on worker's compensation immunity. See Whitehead v. Zurich Am. Ins. Co., 296 F. Supp. 2d 705, 708 (N.D. Miss. 2002) aff'd, 348 F.3d 478 (5th Cir. 2003). Nonetheless, the dismissal is premature unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema, 534 U.S. 506, 507, 122 S. Ct. 922, 152 L. Ed. 2d 1 (2002).

### Analysis and Discussion

Because this is a case of diversity jurisdiction, the Court analyzes Swindol's claims in light of Mississippi law, mindful that it "is Erie-bound to apply state law as it currently exists, and may not change that law or adopt innovative theories of recovery." Solomon v. Walgreen Co., 975 F.2d 1086, 1089 (5th Cir. 1992) (citations omitted).

### Wrongful Discharge

For over 150 years, Mississippi has followed the employment-at-will doctrine. Butler v. Smith & Tharpe, 35 Miss. 457 (1858); Kelly v. Miss. Valley Gas Co., 397 So. 2d 874, 874 (Miss. 1981). "[A]bsent an employment contract expressly providing to the contrary, an

3

employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible." Shaw v. Burchfield, 481 So. 2d 247, 253–54 (Miss. 1985).

The Mississippi Supreme Court has recognized only two exceptions to the at-will doctrine. Senseney v. Miss. Power Co., 914 So. 2d 1225, 1228-29 (Miss. Ct. App. 2005). First, if an employer publishes and disseminates an employee manual setting forth procedures to be followed in the event of an employee's infraction of rules, then the employer must abide by those published procedures. Bobbitt v. The Orchard, Ltd., 603 So. 2d 356, 357 (Miss. 1992). Second, the Mississippi Supreme Court has created a "narrow public policy exception," allowing an at-will employee to bring a wrongful termination action if he was discharged for "refus[ing] to participate in an illegal act" or for "reporting illegal acts of his employer." McArn v. Allied Bruce-Terminix Co., Inc., 626 So. 2d 603, 607 (Miss. 1993).

Relying upon article 3, section 12 of the Mississippi Constitution[1] and Section 45-9-55 of the Mississippi Code,[2] Swindol argues that Mississippi has a well-established public policy of advancing the rights and interests of its citizens to bear arms and urges the Court to adopt a new public policy exception to Mississippi's common law at-will employment doctrine, allowing a cause of action for wrongful discharge where an employer terminates an employee for exercising that right by keeping a firearm in a locked vehicle parked on the employer's property. However, it is not for federal courts "to adopt innovative theories of [state law], but simply to apply that

---

[1] "The right of every citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power when thereto legally summoned, shall not be called in question, but the legislature may regulate or forbid carrying concealed weapons." MISS. CONST. ART. III, § 12.

[2] "Except as otherwise provided in subsection (2) of this section, a public or private employer may not establish, maintain, or enforce any policy or rule that has the effect of prohibiting a person from transporting or storing a firearm in a locked vehicle in any parking lot, parking garage, or other designated parking area." MISS. CODE. ANN. § 45-9-55(1).

4

law as it currently exists," <u>Jackson v. Johns-Manville Sales Corp.</u>, 781 F.2d 394, 397 (5th Cir. 1986) (citation omitted), abrogated in part by <u>Salve Regina Coll. v. Russell</u>, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). Rather, the Court must attempt "to rule as [it] believe[s] the state's highest tribunal would rule." <u>Id.</u> (citation omitted). "If the law of Mississippi is to be changed, [i]t is up to the Supreme Court of [Mississippi] and not this court to change the substantive law of that state." <u>Id.</u> (internal quotation marks and citation omitted).

Despite the Mississippi Supreme Court's statement in <u>McArn</u> that "there should be *in at least two circumstances*, a narrow public policy exception to the employment at will doctrine," 626 So. 2d at 607 (emphasis added), Mississippi courts have steadfastly refused in the more than twenty years since to expand the exceptions carved out by <u>McArn</u> or to recognize any additional public policy exceptions. <u>See DeCarlo v. Bonus Stores, Inc.</u>, 989 So. 2d 351, 358 (Miss. 2008) (refusing to "extend the narrowly carved-out exceptions to our employment-at-will doctrine to create individual liability" where the individual defendant was acting in the course and scope of his employment); <u>Jones v. Fluor Daniel Servs. Corp.</u>, 959 So. 2d 1044, 1047 (Miss. 2007) (refusing to extend <u>McArn</u> public policy exception for the reporting of illegal acts to acts that were not related to defendant's business); <u>Buchanan v. Ameristar Casino Vicksburg, Inc.</u>, 852 So. 2d 25, 26-27 (Miss. 2003) (refusing to recognize claim for wrongful termination by plaintiff who was allegedly terminated in retaliation for exercising her statutory right to file a claim for workers' compensation benefits); <u>Miranda v. Wesley Health Sys., LLC</u>, 949 So. 2d 63, 69 (Miss. Ct. App. 2006); <u>Hammons v. Fleetwood Homes Of Mississippi, Inc.</u>, 907 So. 2d 357, 360 (Miss. Ct. App. 2004) (limiting the <u>McArn</u> public policy exception to "acts complained of [that] warrant the imposition of criminal penalties, as opposed to mere civil penalties") (citation omitted). <u>See also</u> <u>Wheeler v. BL Dev. Corp.</u>, 415 F.3d 399, 404 (5th Cir. 2005) ("To assist Appellants in

5

broadening the scope of what the Mississippi Supreme Court and this Court have continually recognized as a "narrow public policy exception," would serve to envelope a much wider class of activities-a broadening that is at odds with the intent of the Mississippi Supreme Court when it first created the exception.") (citations omitted); Cleland v. Acad. Sports & Outdoors, 2013 WL 4519337, at *7 (S.D. Miss. Aug. 26, 2013) ("It is this Court's task to apply Mississippi law, not to make it. Consequently, the Court declines Cleland's request for it to act effectively as the Mississippi Legislature or Mississippi Supreme Court and establish a new public policy exception to Mississippi's longstanding employment-at-will doctrine based on interference with political rights.") (citations omitted), reconsideration denied, 2013 WL 5771256 (S.D. Miss. Oct. 24, 2013); Medina v. Mims Oil Co., 2005 WL 1629800 (N.D. Miss. July 11, 2005) (refusing to recognize additional public policy exception to at-will employment doctrine stating, "This court does not have the authority to make new law in Mississippi and will not do so."). It is clear that Mississippi law recognizes only two very specific and limited exceptions to the doctrine of at-will employment.

In contrast, Kentucky, the jurisdiction cited by Swindol as having recognized a public policy exception to the at-will employment doctrine under similar facts, recognizes a general public policy exception subject to certain limitations:

> 1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.
> 2) That policy must be evidenced by a constitutional or statutory provision.
> 3) The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact.

Mitchell v. Univ. of Kentucky, 366 S.W.3d 895, 898 (Ky. 2012) (citing Grzyb v. Evans, 700 S.W.2d 399, 401 (Ky. 1985)). Thus, Mitchell's holding that an employer could be liable for terminating an employee for keeping a firearm in a vehicle parked on the employer's property, in

6

light of Kentucky's broader framework for public policy exceptions, does not assist this Court in determining how the Mississippi Supreme Court would rule in this matter.[3] Dancer v. Bryce Corp., 2006 WL 897964, at *3 (N.D. Miss. Apr. 4, 2006) ("When a Court must make an Erie guess, it is not the Court's role to create or modify state law, but rather only to predict it."). Rather, in the face of Mississippi's longstanding reluctance to expand its existing public policy exceptions, the Court cannot say that the Mississippi Supreme Court would recognize a third exception to the doctrine of at-will employment as proposed here. As such, Swindol has failed to state a claim of wrongful discharge upon which relief may be given, and the same is therefore dismissed.

Defamation / Slander per se

Turning then to Swindol's claim for defamation/slander per se, Swindol's Complaint alleges in pertinent part:

> [T]he Aurora human resource manager arranged a plant-wide meeting and informed all other Aurora employees that Swindol was a security risk and instructed them to call 911 if Swindol were seen anywhere near Aurora's premises.
> . . .
> Aurora acted willfully and maliciously, or with gross disregard of Swindol's rights, evidenced by its treatment of him at the time of his termination, and, specifically, Aurora's highly defamatory remarks concerning him being a "security risk" or words to that effect, implying or accusing Swindol of having committed a crime, or other words claiming or implying that Swindol was a "dangerous" person not to be permitted on Aurora's premises, and, in fact, if so seen that law enforcement was to be informed, and Aurora, through its agents and employees, in the course and scope of their employment, slandered and defamed Swindol and such acts constitute slander *per se*.

---

[3] Additionally, the Kentucky statute serving as a basis for the Kentucky Supreme Court's holding specifically provided for civil causes of action where employers or other entities prohibited a person from keeping a firearm in a vehicle. See KY. REV. STAT. ANN. § 527.020(8) ("Any attempt by a person or organization, public or private, to violate the provisions of this subsection may be the subject of an action for appropriate relief or for damages in a Circuit Court or District Court of competent jurisdiction."). In the case at bar, the statute relied upon by Swindol, Section 45-9-55 of the Mississippi Code, does not provide for a private right of action and has not been cited by any court as creating a private right of action.

7

Under Mississippi law, claims for defamation or slander require plaintiffs to prove the following elements:

> (1) a false and defamatory statement concerning the plaintiff; (2) unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Bros. v. Winstead, 129 So. 3d 906, 928 (Miss. 2014) (citing Franklin v. Thompson, 722 So. 2d 688, 692 (Miss. 1998) (citations omitted)). "Slander requires proof of 'special harm' unless the statements were actionable per se." Speed v. Scott, 787 So. 2d 626, 632 (Miss. 2001) (citation omitted). Statements are considered actionable per se if they are:

> (1) Words imputing the guilt or commission of some criminal offense involving moral turpitude and infamous punishment. (2) Words imputing the existence of some contagious disease. (3) Words imputing unfitness in an officer who holds an office of profit or emolument, either in respect of morals or inability to discharge the duties thereof. (4) Words imputing a want of integrity or capacity, whether mental or pecuniary, in the conduct of a profession, trade or business; and in this and some other jurisdictions (5) words imputing to a female a want of chastity.

Winstead, 129 So. 3d at 928-29 (quoting Speed, 787 So. 2d at 632).

Aurora contends that Swindol has failed to allege that it made any defamatory statement toward him because the alleged statements by its human resources manager were neither false nor slander per se. Swindol contends that the human resources manager's statements calling him a "security risk" and instructing Swindol's former coworkers to call 911 if they saw him on Aurora's premises constituted slander per se because they imputed that Swindol had committed "some criminal offense involving moral turpitude" and a "want of integrity" on Swindol's part. However, "to state a claim for defamation, it is necessary that the defamation be 'clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture.'" Perry v. Sears, Roebuck & Co., 2010 WL 1427334, at *2 (N.D. Miss. Apr. 8, 2010) (quoting Ferguson v. Watkins, 448 So. 2d 271, 275 (Miss. 1984)). The alleged statements at

8

issue do not clearly and unmistakably impute to Swindol the commission of a crime, much less a crime of moral turpitude.[4]

Further, comments are not considered actionable per se merely because they impute a want of integrity, but rather such a lack of integrity must be related to "the conduct of a [plaintiff's] profession, trade or business." Winstead, 129 So. 3d at 928 (citations omitted). The alleged statements at issue here do not pertain to the manner in which Swindol conducted his profession, trade or business and therefore are not slanderous per se. Still, the alleged comments may be actionable since Swindol has alleged that the statements caused him to suffer special harm in the form of loss of income. "Special harm is the loss of something having economic or pecuniary value." Speed, 787 So. 2d at 632.

"Defamation is that which tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him." Id. at 631 (internal quotation marks and citation omitted). While Swindol alleges in his Complaint that the statements by the human resources manager were "highly defamatory," he fails to allege that they were false. Further, Aurora argues that it is protected from liability for any allegedly defamatory statements by a qualified privilege.

> When analyzing defamation claims, Mississippi courts employ a bifurcated process. First, the Court must determine whether the occasion called for a qualified privilege. If a qualified privilege does exist, the Court must then determine whether the privilege is overcome by malice, bad faith, or abuse.

---

[4] See Smith v. White, 799 So. 2d 83, 86 (Miss. 2001) ("[I]t is not enough that an act could be penalized under a criminal code. Rather, the crime must be one involving moral turpitude, which has been defined as 'inherent baseness or vileness of principle in the human heart ... shameful wickedness, so extreme a departure from ordinary standards of honesty, good morals, justice or ethics as to be shocking to the moral sense of the community.'") (quoting Speed, 787 So. 2d at 633).

14-60779.108

Eckman v. Cooper Tire & Rubber Co., 893 So. 2d 1049, 1052 (Miss. 2005) (citing Garziano v.

E.I. Dupont de Nemours & Co., 818 F.2d 380, 386-87 (5th Cir. 1987)).

> Under Mississippi law:
>
> A communication made in good faith and on a subject matter in which the person
> making it has an interest, or in reference to which he has a duty, is privileged if
> made to a person or persons having a corresponding interest or duty, even though
> it contains matter which without this privilege would be slanderous, provided the
> statement is made without malice and in good faith.

Id. (citation omitted). Swindol's Complaint alleges that Aurora's human resources manager

"arranged a plant-wide meeting and informed all other Aurora employees that Swindol was a

security risk . . . ." The Court is persuaded that such allegations, where the human resources

manager's statements as alleged in the Complaint were restricted to issues of safety and made

only to those who had a corresponding interest in plant safety, are sufficient that the affirmative

defense of qualified privilege may be said to "appear[] on the face of the pleading[]." Kansa

Reinsurance Co., Ltd., 20 F.3d at 1366. Thus, even if the alleged statements were false and

Swindol was not a safety risk, Aurora is correct in its assertion that it cannot be liable absent a

showing of "malice, bad faith, or abuse." Eckman, 893 So. 2d at 1052 (citation omitted).

Swindol alleged in his Complaint that Aurora acted "willfully and maliciously" in

making the allegedly slanderous remarks. However, to be sufficient, a complaint "must go

beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action,"

Twombly, 550 U.S. at 555, 127 S. Ct. 1955, and "a court is not bound to accept as true legal

conclusions couched as factual allegations." Iqbal, 556 U.S. at 678–79, 129 S. Ct. 1937.

Swindol has alleged no facts showing that Aurora or its human resources manager acted in bad

faith or with malice[5] when warning its employees about the perceived safety risk posed by the

---

[5] "[B]y 'actual malice,' it is meant that at the time the comments were published, the speaker either knew them to be false or made them in reckless disregard of their truth." Smith, 799 So. 2d at 87 (citing Speed, 787 So.2d at 631).

recently terminated and indisputably armed Swindol. Accordingly, the Court finds Swindol has failed to state a claim for defamation upon which relief can be granted, and therefore this claim is also dismissed. However, a court should not dismiss a claim at this stage "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." Hart v. Bayer Corp., 199 F.3d 239, 247 n.6 (5th Cir. 2000). Accordingly, the dismissal of Swindol's defamation claim is without prejudice.

*Conclusion*

Accordingly, the Court finds that Aurora's Motion to Dismiss Plaintiff's Complaint [4] is well taken and is therefore GRANTED. Swindol's claim for wrongful discharge is dismissed with prejudice. However, Swindol's claim for defamation is dismissed without prejudice. A separate order to that effect shall issue this day.

SO ORDERED on this, the 30th day of September, 2014.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

14-60779.110

**TAB 7**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBERT SWINDOL                                                    **PLAINTIFF**

V.                                              **CASE NO. 1:13-cv-00237-SA-DAS**

AURORA FLIGHT SCIENCES CORPORATION                      **DEFENDANT**

## NOTICE OF APPEAL

Notice is hereby given that Robert Swindol, Plaintiff in the above named case, hereby

appeals to the United States Court of Appeals for the Fifth Circuit from the Order of the Court

dismissing his claim for wrongful discharge with prejudice and his claim for defamation without

prejudice entered in this action on the 30th day of September, 2014.

Respectfully submitted,

/s/ *David O. Butts*, MB #7642
Attorney for Plaintiff
Renasant Center, Suite 110
Tupelo, MS 38804
Tel: (662) 841-1234
Fax: (662) 841-0357
davidbutts@davidbuttslawfirm.com

**TAB 8**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been served upon counsel for all

parties to this prodeeding as identified below through the Court's electronic filing system as

follows:

Holcomb, Dunbar, Watts, Best
Masters & Golmon, P.A.
R. Bradley Best, Esq.
Attorney for Defendant
400 South Lamar, Suite A
Oxford, MS    38655

McGuire Woods, LLP
Stephen W. Robinson, Esq.
1750 Tysons Boulevard, Suite 1800
Tysons Corner, VA   22102

McGuire Woods, LLP
Nicholas D. SanFilippo, Esq.
1750 Tysons Boulevard, Suite 1800
Tysons Corner, VA   22102

Tupelo, Mississippi, this 23rd day of March, 2015.

*s/ David O. Butts*
**DAVID O. BUTTS**