# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60779

United States Court of Appeals
Fifth Circuit
**FILED**
August 8, 2016
Lyle W. Cayce
Clerk

ROBERT SWINDOL,

      Plaintiff - Appellant

v.

AURORA FLIGHT SCIENCES CORPORATION,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

    Robert Swindol appealed the district court's dismissal of his wrongful discharge and defamation claims against his former employer. In August 2015, we certified a question concerning this case to the Mississippi Supreme Court. The court provided its answer on March 24, 2016, for which we express our sincere gratitude. Applying that court's analysis, we REVERSE and REMAND in part, and AFFIRM in part.

## FACTS AND PROCEDURAL BACKGROUND

    Robert Swindol worked for Aurora Flight Sciences Corporation in Columbus, Mississippi. In May 2013, he parked his truck in Aurora's employee

parking lot with his firearm locked inside. Aurora's management learned of the firearm and fired Swindol later that day for violating company policy prohibiting firearms on its property. Aurora's human resources manager then held a plant-wide meeting to inform employees that Swindol was a "security risk" and that they should call 9-1-1 if he was seen near Aurora's facility.

Swindol sued Aurora, seeking damages for wrongful discharge and defamation under state law. On Aurora's motion, the district court dismissed Swindol's wrongful discharge claim with prejudice and the defamation claim without prejudice. Swindol appealed.

We earlier determined there was diversity jurisdiction, despite Swindol's failure to allege Aurora's citizenship in his complaint, by taking judicial notice of Aurora's principal place of business. *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015). We then certified to the Mississippi Supreme Court the question of the effect of Mississippi Code Section 45-9-55 on the employment-at-will doctrine. The court answered our question and has denied a motion for rehearing, making its decision final. *Swindol v. Aurora Flight Scis. Corp.*, -- So. 3d --, 2016 WL 1165448 (Miss. Mar. 24, 2016), *reh'g denied* (July 28, 2016). We now apply that answer to the questions before us. We also consider the dismissal of Swindol's defamation claim, an issue which we earlier deferred until the certified question was answered.

## DISCUSSION

I.    *Wrongful discharge claim*

The district court dismissed Swindol's wrongful discharge claim under Federal Rule of Civil Procedure 12(b)(6). We review such a dismissal *de novo*. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

In his initial briefing, Swindol argued that Aurora wrongfully terminated him for keeping a firearm locked inside his car in violation of

company policy. He alleged his action was protected by Section 45-9-55. Aurora responded that Swindol could not assert wrongful discharge because Section 45-9-55 did not create an exception to the employment-at-will doctrine. Because there was no Mississippi law interpreting this statute, we certified the following question to the Mississippi Supreme Court: "Whether in Mississippi an employer may be liable for a wrongful discharge of an employee for storing a firearm in a locked vehicle on company property in a manner that is consistent with Section 45-9-55." *Swindol*, 805 F.3d at 523.

The Mississippi court responded that this statute can make an employer liable for wrongful discharge. *Swindol*, 2016 WL 1165448, at *6. After reviewing its previous caselaw that recognized two public policy exceptions to the employment-at-will doctrine, the court explained that Section 45-9-55 constitutes "express legislative action" that makes terminating an employee for having a firearm inside his locked vehicle on company property "legally impermissible." *Id.* at *3–6. The court for the first time recognized a statutory exception to the employment-at-will doctrine that is equivalent to the public policy exceptions identified in *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993). *Swindol*, 2016 WL 1165448, at *7.

Because the Mississippi Supreme Court equated the statutory exception under Section 45-9-55 with the public policy exceptions of *McArn,* we conclude the court was holding that the relevant cause of action for discharging someone in violation of this statute is the same as that already recognized for wrongful discharges under *McArn,* namely, a tort action with the same categories of relief being available.

The Mississippi court also explained how Section 45-9-55(5) should be interpreted. *Id.* at *7. Section 45-9-55(5) protects an employer from liability for the actions of employees or third parties due to occurrences that result from firearms being on company property. *Id.*

3

No. 14-60779

Swindol alleges he was terminated when Aurora enforced a legally impermissible firearms policy against him, and he seeks damages. Based on the Mississippi court's response, we conclude that Swindol has stated a claim for wrongful discharge under Mississippi law.

## II.   *Defamation claim*

Swindol also brought a defamation claim based on statements Aurora's human resources manager made at the plant-wide meeting. The manager allegedly called Swindol a "security risk" and told employees to call 9-1-1 if they saw Swindol at the Aurora facility. Swindol claims these statements constitute slander *per se* because they implicitly accused him of committing a crime or being a dangerous person. *See Speed v. Scott,* 787 So. 2d 626, 632–33 (Miss. 2001) (explaining the significance of slander *per se*).

A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is "plausible" if it contains enough factual allegations to allow a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A defamation claim under Mississippi law requires as its first element "a false and defamatory statement concerning [the] plaintiff . . . ." *Franklin v. Thompson*, 722 So. 2d 688, 692 (Miss. 1998). One of the district court's grounds for dismissing Swindol's defamation claim was that Swindol failed to allege that the statements made by the human resources manager were false, although he claimed they were defamatory. We agree with the district court that Swindol failed to allege the statements were false. Therefore, dismissal under Rule 12(b)(6) was proper.

We AFFIRM the dismissal of Swindol's defamation claim. We REVERSE the dismissal of the wrongful discharge claim and REMAND.